Jerry THACKER, Appellant–Defendant,

v.

David P. BARTLETT and B & S Property Management, Appellee–Plaintiff.

No. 82A04–0212–CV–625.

Court of Appeals of Indiana.

March 25, 2003.

Jerry Thacker, Appellant pro se.

David K. Robinson, Evansville, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Jerry Thacker appeals the trial court's dismissal of his claim against David P. Bartlett and B & S Property Management (Bartlett). While Thacker focuses his appeal on the merits of his claim, we find that Thacker's complaint was properly dismissed because it contains the same parties, subject matter, and remedies as an earlier complaint of his that was dismissed for failing to state a claim but was never appealed or amended.

### Facts and Procedural History

On May 14, 2002, Thacker filed his Complaint on Nuisance and Property Damage against Bartlett in Vanderburgh Superior Court under cause number 82D03–0205–CC–2084 (original complaint). On August 15, 2002, the trial court dismissed Thacker's original complaint for failing to state a cause of action under Indiana law. Fourteen days later, Thacker initiated this ac-

tion in another division of Vanderburgh Superior Court by filing his New Complaint on Maintaining a Nuisance and Property Damage under cause number 82D03–0208–PL–03794 (new complaint). On September 12, 2002, Bartlett filed his Motion to Dismiss. On October 7, 2002, after holding a hearing on Bartlett's motion, the trial court dismissed Thacker's new complaint with prejudice and entered a judgment for attorney's fees against Thacker in the sum of $350. The trial court's order reads in pertinent part:

> The Court finds that Plaintiff's Complaint herein alleges the same facts as alleged by the Plaintiff, Jerry Thacker, in a prior action captioned Jerry Thacker v. David P. Bartlett and B & S Property Management, Cause No. 82D03–0205–CC–2084, which cause was dismissed on August 15, 2002 by the Honorable J. Douglas Knight for failure to state a cause of action. Therefore, this matter, having been previously adjudicated, is without merit and should be dismissed.

Appellant's App. p. 12. This appeal ensued.

### Discussion and Decision

On appeal, Thacker discusses substantive nuisance law and attacks the merits of the first trial court's dismissal of his original complaint. However, because of the procedural posture of this case, the merits of Thacker's original complaint are of no real import. Instead, we find that we must turn to Bartlett's response, which focuses on the consequences of Thacker filing a completely new complaint instead of amending his original complaint or appealing its dismissal for failing to state a claim.

With his Motion to Dismiss, Bartlett attached a copy of Thacker's original complaint under cause number 82D03–0205–

CC–2084 and a copy of the trial court's August 15, 2002 order dismissing the complaint. In his Motion to Dismiss, Bartlett argued that Thacker's new complaint should be dismissed because it is nearly identical to his original complaint, alleging the same facts against the same parties, and because Thacker's original complaint was dismissed by the trial court for failing to state a claim. Bartlett now asserts that the trial court properly dismissed Thacker's new complaint because the complaint is barred by the doctrine of *res judicata*. While we agree that the trial court properly dismissed Thacker's new complaint, the doctrine of *res judicata* is not the reason for the dismissal.

 *Res judicata* is a doctrine that bars litigation of a claim after a final judgment has been rendered on a matter in a prior action involving the same claim between the same parties or their privies. *Keybank Nat'l Ass'n v. Michael*, 770 N.E.2d 369, 375 (Ind.Ct.App.2002), *trans. denied*. Four requirements must be satisfied for this doctrine to apply: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy decided in the former action must have been between the parties in the present suit or their privies. *Id.* at 375–76. Here, the dismissal of Thacker's original complaint was a final judgment. The first trial court's dismissal of Thacker's original complaint reads in pertinent part, "the Court being duly advised hereby finds that the Plaintiff's Complaint fails to state cause of action under Indiana law and IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED the Plaintiff's Complaint is hereby DISMISSED." Appellee's App. p. 10. A trial

court's entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitutes a final judgment. *See Constantine v. City–County Council of Marion County*, 267 Ind. 279, 280, 369 N.E.2d 636, 637 (1977); *Parrett v. Lebamoff*, 179 Ind.App. 25, 26, 383 N.E.2d 1107, 1108 (1979).

 Nevertheless, the dismissal of Thacker's original complaint under Trial Rule 12(B)(6) is not *res judicata*. Trial Rule 12(B) provides in pertinent part:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

*Browning v. Walters*, 616 N.E.2d 1040, 1044 n. 2 (Ind.Ct.App.1993), *modified on reh'g on other grounds*, 620 N.E.2d 28. A plaintiff is entitled either to amend his complaint pursuant to Trial Rule 12(B)(6) and Trial Rule 15(A), or to elect to stand upon his complaint and to appeal from the order of dismissal. *Id.* at 1044. Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. *Platt v. State*, 664 N.E.2d 357, 361 (Ind.Ct.App.1996), *trans. denied*. Such a dismissal also does not usually operate as an adjudication on the merits and is not *res judicata*. *See Browning*, 616 N.E.2d at 1044; *see also Kokomo Med. Arts Bldg. P'ship v. William Hutchens & Assocs.*, 566 N.E.2d 1093, 1095 (Ind.Ct.App.1991). A Trial Rule 12(B)(6) dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint. *Platt*, 664 N.E.2d at 361; *see also Dixon v.*

*Siwy,* 661 N.E.2d 600, 605 n. 8 (Ind.Ct. App.1996); *Browning,* 616 N.E.2d at 1044. Because Thacker opted to file a new complaint rather than seek to appeal the dismissal of his original complaint, the dismissal of his original complaint was not an adjudication on the merits and could not be *res judicata.*

While Thacker's new complaint was not barred by the doctrine of *res judicata,* we find that it was dismissible under Trial Rule 12(B)(8). Trial Rule 12(B)(8) allows a party to move for dismissal on the grounds that the "same action is pending in another state court in this state." Trial Rule 12(B)(8). When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. *State ex rel. Meade v. Marshall Superior Court II,* 644 N.E.2d 87, 88 (Ind. 1994). Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. *Id.* at 88–89. Trial Rule 12(B)(8) implements these principles. *Id.* at 89; *Crawfordsville Apartment Co. v. Key Trust Co. of Fla.,* 692 N.E.2d 478, 480 (Ind.Ct.App.1998). This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same. *Marshall Superior Court II,* 644 N.E.2d at 89. In this case, Thacker's new complaint and his original complaint contained precisely the same parties, subject matter, and remedies.

We recognize that because the dismissal of Thacker's original complaint was a final judgment, the original complaint was not "pending" under the strict definition of the word; but neither was the complaint totally settled. As discussed earlier, however, Thacker's original complaint was never adjudicated on the merits

and Thacker theoretically remained able— with the trial court's permission—to file an amended complaint, replacing the original pleading for all purposes. *See Platt,* 664 N.E.2d at 361. Thus, Thacker could reanimate his original complaint while his new complaint was active in another court, thereby defeating the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. In addition, by filing a new complaint instead of petitioning to amend his original complaint, Thacker was circumventing the authority and discretion of the original trial court. For these reasons, we find that the purpose behind Trial Rule 12(B)(8) also extends to situations like this one, where a party files a completely new complaint containing precisely the same parties, subject matter, and remedies instead of amending his original complaint or appealing its dismissal for failing to state a claim. Therefore, we find that Thacker's new complaint was dismissible under Trial Rule 12(B)(8), and we affirm the judgment of the trial court.

Judgment affirmed.

DARDEN, J., and NAJAM, J., concur.