**Victor J. DiMAGGIO III, Appellant–Plaintiff,**

v.

**Elias ROSARIO, Liberty Lake Estates, LLC, Mark Nebel, and William C. Haak, Appellees–Defendants.**

No. 64A03–1009–PL–500.

Court of Appeals of Indiana.

June 21, 2011.

Kevin E. Steele, Burke Costanza & Cuppy LLP, Valparaiso, IN, Attorney for Appellant.

Michael W. Back, Crown Point, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Victor J. DiMaggio III ("DiMaggio") appeals the trial court's order dismissing his complaint for usurpation of a corporate opportunity against Liberty Lake Estates, LLC ("LLE"), Mark Nebel ("Nebel"), and William C. Haak ("Haak") (collectively "the Appellees") and Elias Rosario ("Rosario"). DiMaggio raises the following restated issue for our review: whether the trial court erred when it dismissed his complaint for failure to state a claim upon which relief can be granted on the grounds that Indiana does not recognize a cause of action against a third-party non-fiduciary for usurpation of a corporate opportunity of a closely held corporation.

We affirm.

## FACTS AND PROCEDURAL HISTORY

DiMaggio and Rosario are shareholders in Galleria Realty Corporation ("Galleria"), which was an Indiana corporation with its principal place of business in Lake County, Indiana and involved in the business of real estate development. Galleria was formed on December 19, 1997, and DiMaggio and Rosario have been the shareholders of the corporation since its inception. LLE is an Indiana limited liability compa-

ny with its principal place of business in Porter County, Indiana. LLE was formed on June 23, 2003 to pursue real estate development in Porter County. Rosario, Nebel, and Haak are all members of LLE.

On March 26, 2008, DiMaggio filed a complaint against Rosario and the Appellees, alleging, among other things, that the Appellees usurped a corporate opportunity from Galleria, which caused damages to DiMaggio. DiMaggio specifically stated that Nebel and Haak actively participated with Rosario, who owed a fiduciary duty to DiMaggio, his fellow shareholder in Galleria, in usurping Galleria's corporate opportunity; he further alleged that, because Galleria's business was real estate development, Rosario should have presented Galleria with the opportunity to develop real estate in Porter County prior to his formation of LLE with Nebel and Haak. On June 16, 2008, the Appellees filed a motion to dismiss DiMaggio's complaint on the basis that it failed to state a claim upon which relief can be granted. The trial court granted the Appellees' motion and dismissed the complaint against the Appellees without prejudice. DiMaggio now appeals.

## DISCUSSION AND DECISION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claims, not the facts supporting it. *Droscha v. Shepherd,* 931 N.E.2d 882, 887 (Ind. Ct.App.2010) (citing *Charter One Mortg. Corp. v. Condra,* 865 N.E.2d 602, 604 (Ind. 2007)). Therefore, our review of a trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6) is de novo. *Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* A complaint may not be dismissed for failure to state a

claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.* All allegations must be accepted as true, and it is the appellate court's duty to determine whether the underlying complaint states "any set of allegations upon which the court below could have granted relief." *Stoffel v. Daniels,* 908 N.E.2d 1260, 1266 (Ind.Ct.App.2009) (internal quotation omitted). Dismissal of a complaint under Trial Rule 12(B)(6) is disfavored generally because such motions undermine the policy of deciding causes of action on their merits. *Id.* at 1266–67.

DiMaggio argues that the trial court erred when it granted the Appellees' motion to dismiss for failure to state a claim upon which relief can be granted. He contends that, when the facts of the case are considered, "a cognizable claim was asserted against the dismissed defendants and the trial court's dismissal of the claim was improper." *Appellant's Br.* at 4. Although there are no Indiana cases that directly state that non-fiduciaries can be held liable for usurping a corporate opportunity as a corporate fiduciary can be, *see McLinden v. Coco,* 765 N.E.2d 606, 615 (Ind.Ct.App.2002) ("A shareholder's fiduciary duty requires that he 'not appropriate to his own use a business opportunity that in equity and fairness belongs to the corporation.' "), DiMaggio initially claims that "it can be inferred that such a cause of action is supported by Indiana law" based upon *Dreyer & Reinbold, Inc. v. AutoXchange.com., Inc.,* 771 N.E.2d 764 (Ind.Ct.App.2002), *trans. denied.* We disagree.

■ Indiana courts have characterized closely-held corporations as incorporated partnerships and, as such, have imposed a fiduciary duty upon shareholding partners to deal fairly not only with the corporation but with fellow shareholders

as well. *McLinden*, 765 N.E.2d at 615 (quoting *Melrose v. Capitol City Motor Lodge, Inc.*, 705 N.E.2d 985, 991 (Ind. 1998)) (quotations omitted). Consequently, shareholders in a close corporation stand in a fiduciary relationship to each other, and as such, must deal fairly, honestly, and openly with the corporation and with their fellow shareholders. *Id.* (quoting *Barth v. Barth*, 659 N.E.2d 559, 561 (Ind.1995)) (quotations omitted). Moreover, shareholders may not act out of avarice, expediency, or self-interest in derogation of their duty of loyalty to the other stockholders and to the corporation. *Id.* A shareholder's fiduciary duty requires that he not appropriate to his own use a business opportunity that in equity and fairness belongs to the corporation. *Id.; Hartung v. Architects/Hartung/Odle/Burke, Inc.*, 157 Ind.App. 546, 555, 301 N.E.2d 240, 244 (1973).

In *Dreyer & Reinbold*, AutoXchange brought a suit against Dreyer, alleging, among other things, that Dreyer had conspired with a shareholder of AutoXchange to usurp AutoXchange's corporate opportunity. *Dreyer & Reinbold*, 771 N.E.2d at 766. Dreyer filed a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, which was denied by the trial court. *Id.* No appeal was taken from the denial of Dreyer's motion to dismiss, and the case ultimately came to this court on appeal for issues unrelated to the motion to dismiss. DiMaggio asserts that, even though there was no specific finding that Indiana law allowed a claim to proceed against a non-fiduciary for usurping a corporate opportunity, this court's silence regarding the trial court's denial of the motion to dismiss supports an inference that we "tacitly agreed that such a cause of action exists in Indiana." *Appellant's Br.* at 7.

*Dreyer & Reinbold* does not stand for such a proposition. Although the trial court denied Dreyer's motion to dismiss AutoXchange's complaint, which included an allegation of third-party liability for usurping a corporate opportunity, this court's decision on appeal did not expressly or tacitly recognize such a cause of action existed. The denial of the motion to dismiss was not an issue before this court; we did not reach the merits of such issue, and we decline to find that the *Dreyer & Reinbold* case stands for the proposition that Indiana recognizes a claim that non-fiduciaries can be held liable for usurping a corporate opportunity.

DiMaggio next argues that, even if Indiana has not yet decided that non-fiduciaries can be liable for usurping a corporate opportunity, this court should look to other jurisdictions for guidance and should so hold.

"[W]here no Indiana cases adequately address the issues involved in a case, decisions of other jurisdictions may be instructive." *The Blakley Corp. v. EFCO Corp.*, 853 N.E.2d 998, 1004 (Ind.Ct. App.2006). DiMaggio asserts that Indiana should adopt the holdings of other jurisdictions that a person who knowingly joins with or aids and abets a fiduciary in an enterprise constituting a breach of the fiduciary relationship becomes jointly and severally liable with the fiduciary for any damages accruing from such breach. *See Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 485 (Ky.1991) ("[A] person who knowingly joins with or aids and abets a fiduciary in an enterprise constituting a breach of the fiduciary relationship becomes jointly and severally liable with the fiduciary for any profits that may accrue."); *BBF, Inc. v. Germanium Power Devices Corp.*, 13 Mass.App.Ct. 166, 430 N.E.2d 1221, 1224 (1982) (finding trial court was justified in concluding that

third-party defendant who did not owe fiduciary duty to company could still be jointly and severally liable when non-fiduciary knowingly participated with fiduciary in appropriating corporate opportunity of company); *Raines v. Toney*, 228 Ark. 1170, 313 S.W.2d 802, 810 (1958) ("[O]ne who knowingly aids, encourages, or cooperates with a fiduciary in the breach of his duty becomes equally liable with such fiduciary."); *L.A. Young Spring & Wire Corp. v. Falls*, 307 Mich. 69, 11 N.W.2d 329, 343 (1943) ("One who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise."). Therefore, the cause of action that DiMaggio asserts this court should adopt requires that, in order to be held jointly and severally liable with a fiduciary of a corporation, a non-fiduciary must act knowingly when he or she joins with or aids and abets the fiduciary in an endeavor constituting a breach of the fiduciary relationship.

 Without deciding at this time whether Indiana should adopt DiMaggio's proposed cause of action, we conclude that, even if we were to recognize the cause of action existed in Indiana, DiMaggio's complaint did not state a claim upon which relief can be granted against the Appellees. In his complaint, DiMaggio alleges only that "Nebel and Haak actively participated with Rosario in usurping Galleria's corporate opportunity thereby causing damages to DiMaggio." *Appellant's App.* at 21. Nowhere in his complaint does he allege that the Appellees acted knowingly or intentionally in usurping the corporate opportunity. All of the cases from other jurisdictions cited by DiMaggio require that the non-fiduciary must act knowingly when he or she joins a fiduciary in an enterprise constituting a breach of fiducia-

ry duty. Here, DiMaggio has not alleged any knowing conduct on the part of the Appellees. Therefore, while we save for another day the decision as to whether Indiana should adopt such a cause of action, we conclude that, even if such a cause of action were to be recognized in Indiana, his complaint fails to state a claim upon which relief can be granted. The trial court did not err when it granted the Appellees' motion to dismiss.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.