**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KEVIN E. STEELE**
Burke Costanza & Carberry, LLP
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**JOHN P. REED**
**JONATHAN HALM**
Abrahamson Reed & Bilse
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTOR J. DiMAGGIO, III, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1204-PL-169 |
| | ) | |
| ELIAS ROSARIO and MARK NEBEL, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0803-PL-2790

**September 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Victor DiMaggio (DiMaggio), appeals the trial court's dismissal of his Amended Complaint against Appellee-Defendant, Mark Nebel (Nebel).

We affirm.

## ISSUE

DiMaggio raises two issues on appeal, one of which we find dispositive and restate as: Whether the trial court erred by dismissing his Amended Complaint based on *res judicata*.

## FACTS AND PROCEDURAL HISTORY

We reviewed the factual background of this case in a prior appeal as follows:

> DiMaggio and [Defendant Elias] Rosario are shareholders in Galleria Realty Corporation [(Galleria)], which was an Indiana corporation with its principal place of business in Lake County, Indiana and involved in the business of real estate development. Galleria was formed on December 19, 1997, and DiMaggio and Rosario have been the shareholders of the corporation since its inception. [Defendant Liberty Lakes Estates, LLC (LLE)] is an Indiana limited liability company with its principal place of business in Porter County, Indiana. LLE was formed on June 23, 2003 to pursue real estate development in Porter County. Rosario, Nebel, and [Defendant William] Haak are all members of LLE.

> On March 26, 2008, DiMaggio filed a complaint against Rosario and [Nebel, LLE, and Haak], alleging, among other things, that the Appellees usurped a corporate opportunity from Galleria, which caused damages to DiMaggio. DiMaggio specifically stated that Nebel and Haak actively participated with Rosario, who owed a fiduciary duty to DiMaggio, his fellow shareholder in Galleria, in usurping Galleria's corporate opportunity; he further alleged that, because Galleria's business was real estate development, Rosario should have presented Galleria with the opportunity to develop real estate in Porter County prior to his formation of LLE with Nebel and Haak. On June 16, 2008, [Nebel, LLE, and Haak] filed a motion

2

to dismiss DiMaggio's complaint on the basis that it failed to state a claim upon which relief can be granted. [On August 30, 2010, the] trial court granted the [Nebel, LLE, and Haak's] motion and dismissed the complaint against [them] without prejudice.

*DiMaggio v. Rosario*, 950 N.E.2d 1272, 1273-74 (Ind. Ct. App. 2011).

Following dismissal of his complaint, DiMaggio appealed, arguing that his complaint pled facts sufficient to state a cause of action against Nebel for aiding and abetting Rosario, who should be considered as a fiduciary, to usurp a corporate opportunity belonging to Galleria. *Id*. at 1274. In his appeal, DiMaggio argued that an Indiana case had impliedly recognized this cause of action and even if not, Indiana should follow other jurisdictions and adopt it. *Id*. at 1274-75. We declined to find that Indiana had impliedly recognized the cause of action. *Id*. at 1275. Further, applying the laws of other jurisdictions, we found that DiMaggio's complaint did not allege operative facts that would entitle him to relief. *Id*. at 1276. While DiMaggio had alleged that Nebel and Haak actively participated with Rosario in the usurpation of a corporate opportunity, this was insufficient without an allegation that Nebel and Haak "acted knowingly or intentionally" in so doing. *Id*. As a result, we held that the trial court did not err in dismissing DiMaggio's complaint. *Id*.

On September 14, 2011, DiMaggio requested leave to file an Amended Complaint, which the trial court granted the same day. On September 19, 2011, DiMaggio filed his Amended Complaint, naming Rosario and Nebel as the only defendants. On November 14, 2011, Nebel filed his motion to dismiss the Amended Complaint, asserting that DiMaggio's claim was barred by *res judicata*. On February 22, 2012, the trial court held

a hearing on the motion to dismiss, and granted it, dismissing Nebel from the cause on March 5, 2012.

DiMaggio now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

DiMaggio contends that the doctrine of *res judicata* does not operate to bar his claims and the trial court erred in granting Nebel's motion to dismiss. The trial court dismissed the Amended Complaint by concluding:

> DiMaggio's Amended Complaint seeks to remedy the deficiency noted by the [a]ppellate [c]ourt. The Amended Complaint is essentially a continuation of this entire cause, as such, [*res judicata*] may or may not apply to this situation. However the [a]ppellate decision could well now be the "law of the case" in which event the Amended Complaint should be dismissed as to Nebel.
>
> Further, the [appellate] [c]ourt in its decision stated, "Therefore, while we save for another day the decision as to whether Indiana should adopt such a cause of action …." This [c]ourt has previously determined that Indiana has not, as of yet, adopted such a cause of action, and the Amended Complaint as to Nebel should be dismissed for failure to state a cause of action upon which relief can be granted.

(Appellant's Br. p. 20). Here, Nebel argues, as he did in his motion to dismiss the Amended Complaint, that DiMaggio's claim is barred by *res judicata*. We agree.

*Res judicata* prevents the repetitious litigation of that which is essentially the same dispute. *In re L.B.*, 889 N.E.2d 326, 333 (Ind. Ct. App. 2008). The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion. *Id.* Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and

4

their privies. *Id*. Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *Id*.

When, as here, a party argues that the claim preclusion component of *res judicata* applies, four factors must be present, namely: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *Id*.

There is no dispute that the two of the four requirements are met here. First, the trial court possessed jurisdiction over the parties and the subject matter and second, the parties here are identical. Further, although DiMaggio disputes that the matter was in fact determined in the prior action based on the minor variation in facts pled in the Amended Complaint, the cause of action was asserted in both the complaint and the Amended Complaint. We therefore find that the matter at issue was therefore determined in the prior action.

To determine whether the August 30, 2010 Order operated as a former judgment on the merits, we review the effect of a dismissal under Ind. Trial Rule 12(B)(6). T.R. 12(B)(6) provides that a defendant may file a motion to dismiss for a failure to state a claim upon which relief can be granted. *Platt v. State*, 664 N.E.2d 357, 361 (Ind. Ct.

5

App. 1996), *trans. denied*, *cert. denied*, 520 U.S. 1187 (1997). If the trial court grants the motion to dismiss, the plaintiff is granted an automatic right to amend his complaint pursuant to 12(B)(8) and T.R. 15(A). *Id.* Thus, "a T.R. 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule." *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003). In such case, "the amended pleading replaces the original pleading for all purposes, and all rights to appeal the original dismissal are lost." *Platt*, 664 N.E.2d at 361. However, rather than amend the complaint, the plaintiff may instead "elect to stand upon his complaint and to appeal from the order of dismissal." *Browning v. Walters*, 616 N.E.2d 1040, 1044 (Ind. Ct. App. 1993), *reh'g granted*, *modified on other grounds*, 620 N.E.2d 28. A T.R. 12(B)(6) dismissal then becomes an adjudication on the merits after the complaining party opts to appeal. *Id.*

The trial court's August 30, 2010 Order of dismissal therefore represents a former judgment on the merits. Rather than opt for his automatic right to amend under T.R. 12(B)(8) and T.R. 15(A), DiMaggio sought appeal of the trial court's Order. That dismissal was affirmed by this court. As a result, *res judicata* operates to bar further proceedings. *See England v. Dana Corp.*, 259 N.E.2d 433, 436 (Ind. Ct. App. 1970).

To avoid application of *res judicata*, DiMaggio raises several arguments predicated on the novelty of the cause of action asserted. First, DiMaggio argues that because his complaint raised a cause of action heretofore unrecognized by Indiana courts, it would have been pointless to avail himself of the automatic right to amend. We

6

disagree. The rule is clear that an appeal of an order granting dismissal under T.R. 12(B)(6) renders the order a decision on the merits. Next, DiMaggio relies on *Thacker* to argue that *res judicata* does not bar the filing of an amended complaint following dismissal under T.R. 12(B)(6). However, *Thacker* did not involve an appealed dismissal of the original complaint. *See Thacker*, 785 N.E.2d at 624. Finally, DiMaggio cites *Griffin v. Wallace*, 66 Ind. 410, 417 (Ind. 1879) for the general rule that:

> A judgment for the defendant, upon a demurrer to the complaint on account of the omission of an essential allegation therein, which is supplied in the second suit, will not be a bar to the second suit.

*Id*. This passage merely reflects the rule that a T.R. 12(B)(6) dismissal is without prejudice, allowing the plaintiff to thereafter file an amended complaint within certain parameters. *See Thacker*, 785 N.E.2d at 624.

In sum, *res judicata* bars DiMaggio's claims and the trial court did not err in dismissing DiMaggio's Amended Complaint.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err by dismissing DiMaggio's Amended Complaint based on *res judicata*.

Affirmed.

BAILEY, J. and CRONE, J. concur

7