Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**AARON E. HAITH**
Choate & Haith
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOLENE G. BURTRUM, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1305-PL-224 |
| | ) | |
| CITIZENS HEALTH CENTER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1207-PL-29196

**October 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Jolene Burtrum appeals the trial court's dismissal of her complaint against Citizens Health Center ("Citizens") alleging breach of contract and seeking damages under the Wage Claim Statute. Burtrum presents a single dispositive issue for our review, namely, whether the trial court erred when it dismissed her complaint.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2010, Burtrum and Citizens entered into an employment contract providing for a term of employment from September 17, 2010, through September 17, 2011. On August 23, 2011, Citizens notified Burtrum that it would not extend the employment agreement beyond the end date. On November 30, Burtrum filed a complaint against Citizens in the Marion Superior Court alleging breach of contract and seeking damages under the Wage Claim Statute. Citizens filed a motion to dismiss under Trial Rule 12(B)(1) and (6). On March 14, 2012, the trial court dismissed Burtrum's complaint without prejudice. Burtrum did not move to amend her complaint or appeal the dismissal.

On July 24, Burtrum filed a new complaint against Citizens, identical to the first one, in the Marion Superior Court, which was assigned to a different trial judge. On January 22, 2013, Citizens filed a motion to dismiss alleging that the complaint was barred by res judicata. And on March 15, Citizens filed a summary judgment motion. Burtrum filed timely responses to both motions. Following a hearing on the motion to

2

dismiss on April 12,[1] the trial court dismissed Burtrum's complaint with prejudice. This appeal ensued.

## DISCUSSION AND DECISION

Citizens moved to dismiss Burtrum's complaint on the grounds of res judicata. Citizens did not cite Trial Rule 12(B) either in its motion to dismiss or in support of that motion at the hearing.[2] And this court has held that res judicata does not apply where, as here, a prior complaint was not adjudicated on the merits. See Thacker v. Bartlett, 785 N.E.2d 621, 625 (Ind. Ct. App. 2003). Instead, as we explain below, we affirm the trial court's dismissal of Burtrum's complaint under Trial Rule 12(B)(8), which permits the dismissal of an action when "[t]he same action [is] pending in another state court of this state."

Trial Rule 12(B)(8) implements the general principle that, when an action is pending in an Indiana court, other Indiana courts must defer to that court's authority over the case. Beatty v. Liberty Mut. Ins. Grp., 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008). The rule applies where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same. Id. Our review of the trial court's dismissal of a complaint under Trial Rule 12(B)(8) is de novo. Id.

Here, after the trial court dismissed her first complaint without prejudice, Burtrum had the option, under Trial Rule 12(B), to amend her complaint within ten days or to

---

[1] The trial court was prepared to hear the summary judgment motion on that date, but the parties agreed that they would only make arguments regarding Citizens' motion to dismiss, and the trial court only ruled on the motion to dismiss.

[2] Burtrum contends that Citizens' motion to dismiss was converted to a summary judgment motion because Citizens attached documents to its motion to dismiss. But Trial Rule 12(B) explicitly limits such a conversion to motions based on 12(B)(6).

3

appeal the dismissal. Burtrum chose neither option. Instead, a few months later, Burtrum filed a second complaint that was identical to the first one. The trial court dismissed the complaint with prejudice following a hearing.

In Thacker, after the plaintiff's original complaint was dismissed under Trial Rule 12(B)(6), Thacker opted to file a new complaint rather than amend the complaint or appeal the dismissal. 785 N.E.2d at 623. We observed that the dismissal of his original complaint was not an adjudication on the merits and could not be res judicata. Id. at 625. Nevertheless, we affirmed the trial court's dismissal of the second complaint, reasoning as follows:

> While Thacker's new complaint was not barred by the doctrine of res judicata, we find that it was dismissible under Trial Rule 12(B)(8). Trial Rule 12(B)(8) allows a party to move for dismissal on the grounds that the "same action is pending in another state court in this state." Trial Rule 12(B)(8). When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. State ex rel. Meade v. Marshall Superior Court II, 644 N.E.2d 87, 88 (Ind. 1994). Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. Id. at 88-89. Trial Rule 12(B)(8) implements these principles. Id. at 89; Crawfordsville Apartment Co. v. Key Trust Co. of Fla., 692 N.E.2d 478, 480 (Ind. Ct. App. 1998). This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same. Marshall Superior Court II, 644 N.E.2d at 89. In this case, Thacker's new complaint and his original complaint contained precisely the same parties, subject matter, and remedies.
>
> We recognize that because the dismissal of Thacker's original complaint was a final judgment, the original complaint was not "pending" under the strict definition of the word; but neither was the complaint totally settled. As discussed earlier, however, Thacker's original complaint was never adjudicated on the merits and Thacker theoretically remained able— with the trial court's permission—to file an amended complaint, replacing the original pleading for all purposes. See Platt, 664 N.E.2d at 361. Thus, Thacker could reanimate his original complaint while his new complaint

4

was active in another court, thereby defeating the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. In addition, by filing a new complaint instead of petitioning to amend his original complaint, Thacker was circumventing the authority and discretion of the original trial court. For these reasons, we find that the purpose behind Trial Rule 12(B)(8) also extends to situations like this one, where a party files a completely new complaint containing precisely the same parties, subject matter, and remedies instead of amending his original complaint or appealing its dismissal for failing to state a claim.

Id.

We follow the sound reasoning in Thacker and hold that the trial court here properly dismissed Burtrum's complaint, which was an impermissible second bite at the apple. Again, after her first complaint was dismissed, Burtrum could have (1) amended her complaint once as of right within ten days, (2) sought permission of the court to amend her complaint after ten days had passed, or (3) appealed the dismissal. See Trial Rule 12(B). These were her only options. Instead, she refiled the same complaint. It is self-evident that a party whose complaint has been dismissed cannot maintain a cause of action merely by filing the same complaint in another court. Burtrum is barred procedurally from seeking a different result with the same complaint in a different trial court. The trial court did not err when it dismissed Burtrum's complaint with prejudice.

Affirmed.

MATHIAS, J., and BROWN, J., concur.

5