

FILED

Nov 26 2019, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Norrick
Anderson, Indiana

ATTORNEYS FOR APPELLEE,
NICOLE WHITE

Carol A. Dillon
Nathan A. Pagryzinski
Bleeke Dillon Crandall
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE,
STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE,
JULIE MILLER

Mallory Reider Inselberg
Blair Martin Roembke
Eichhorn & Eichhorn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Kindred and B.K., | November 26, 2019 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 19A-PL-231 |
| v. | Appeal from the Owen Circuit Court |
| The Indiana Department of Child Services, Elizabeth Fiscus, Lindsey Jacobs, Indiana Attorney General, Julie Miller, and Nicole White, | The Honorable Kelsey B. Hanlon, Judge |
| | Trial Court Cause No. 60C02-1810-PL-482 |
| *Appellees-Defendants.* | |

**Pyle, Judge.**

# Statement of the Case

Appellants-Plaintiffs, James Kindred ("Kindred") and his son, B.K. ("B.K.") (collectively referred to as "Kindred"), appeal following the trial court's grant of three motions to dismiss filed pursuant to Indiana Trial Rule 12(B)(8) by the following Appellees-Defendants: (1) Indiana Department of Child Services ("DCS"), Elizabeth Fiscus ("Fiscus"), Lindsey Jacobs ("Jacobs"), and the Office of the Indiana Attorney General ("the Attorney General") (collectively, "the State"); (2) Julie Miller ("Miller"); and (3) Nicole White ("White").

On appeal, Kindred challenges three of the trial court's rulings. Specifically, Kindred argues that the trial court erred by: (1) granting the three motions to dismiss; (2) denying Kindred's motion to consolidate; and (3) denying Kindred's motion to disqualify the State's counsel. Concluding that there was no error, we affirm the trial court's rulings.

We affirm.

## Issues

1. Whether the trial court erred by granting the motions to dismiss.

2. Whether the trial court abused its discretion by denying Kindred's motion to consolidate.

3. Whether the trial court abused its discretion by denying Kindred's motion to disqualify the State's counsel.

## Facts

This appeal stems from Kindred's federal and state law claims filed against DCS, DCS employees, DCS service providers, and other individuals who are alleged to have reported information to DCS. Kindred filed these claims in three different complaints in three separate Owen County causes. These complaints involve Kindred's challenge to DCS's investigation into his care of his son, B.K., and its filing of petitions alleging B.K. to be a child in need of services ("CHINS"). While this appeal involves Kindred's third complaint and cause, we must briefly review the procedural history of the first two complaints and causes.

Kindred's first complaint was filed under cause number 60C02-1803-PL-115 ("Cause #1") on March 22, 2018.[1] Judge Kelsey Hanlon ("Judge Hanlon"), who is the judge of Owen Circuit Court 2, was the judge assigned to Cause #1. The initial Cause #1 complaint contained only state law claims against a DCS family case manager and another individual who had made a report to DCS.[2] Shortly after filing the complaint, Kindred filed a motion for change of judge, and Cause #1 was then assigned to Special Judge Frances Hill ("Special Judge Hill"). Subsequently, in April 2018, Kindred twice amended the Cause #1 complaint, adding plaintiffs, defendants, and federal claims. Specifically, Kindred added the following plaintiffs: his minor son, B.K.; Janie Givens ("Givens"); and Givens' two minor children.[3] Kindred also added the following defendants: DCS; additional DCS employees; and another individual. As for the additional claims, Kindred added federal claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241, among others. The crux of Kindred's complaint in Cause #1 was a challenge to DCS's investigations into his care of B.K., the filing of CHINS petitions, and the removal of B.K. from Kindred's custody[4] after DCS had received allegations that Kindred had physically and

---

[1] Pursuant to the State's request under Indiana Evidence Rule 201, we take judicial notice of the chronological case summaries and filings in Cause #1 and Cause #2.

[2] The initial Cause #1 complaint was filed against Rebel Rich and DCS family case manager Charlotte Church.

[3] In Cause #1, Kindred is proceeding *pro se* while the other plaintiffs, including B.K., are represented by counsel.

[4] According to Kindred's complaint, he divorced and gained custody of B.K. in 2008 when B.K. was three years old.

sexually abused B.K. On April 26, 2018, the State filed a notice of removal of Cause #1 to federal court.

[6] Meanwhile, on May 21, 2018, Kindred filed a second complaint, under cause number 60C02-1805-PL-205 ("Cause #2"), against DCS and other defendants. Kindred filed this complaint *pro se* on behalf of himself and B.K. The Cause #2 complaint also contained federal and state law claims. Cause #2 was initially assigned to Judge Hanlon. After Kindred filed a motion for a change of judge, Cause #2 was also assigned to Special Judge Hill.

[7] In July 2018, the federal court remanded Cause #1 back to the Owen Circuit Court and Special Judge Hill. The remand was due to a procedural defect in the notice of removal, i.e., the State had not included written evidence of the other co-defendants' consent to removal. Thereafter, on September 26, 2018, in Cause #1, Special Judge Hill granted Kindred's motion to consolidate Cause #2 into Cause #1. Special Judge Hill explained that the two causes were being consolidated for "judicial economy" and noted "the cost and confusion that ha[d] plagued the two current law[]suits." (App. Vol. 3 at 128). The trial court also instructed Kindred that he "should file a comprehensive amended complaint." (App. Vol. 3 at 128).

[8] Thereafter, on October 26, 2018, Kindred filed an amended, consolidated complaint in Cause #1 and again raised federal and state law claims against DCS, some DCS employees and service providers, and various individuals who

had reported allegations of physical and sexual abuse to DCS.[5] The focus of Kindred's amended complaint in Cause #1 continued to be a challenge to DCS's investigatory process (including the filing of CHINS petitions and temporary removal of B.K. from his custody) and a challenge to the involvement of the employees and individuals in that process. Specifically, Kindred challenged the numerous DCS investigations that had taken place and subsequent CHINS petitions that had been filed between December 2009 and July 2018. Kindred sought declaratory and injunctive relief, punitive damages, and attorney fees. Shortly after Kindred filed the amended complaint, Special Judge Hill was replaced as the special judge, and Cause #1 was assigned to Special Judge Erik Allen ("Special Judge Allen").

[9] On October 29, 2018, three days after Kindred filed his amended, consolidated complaint in Cause #1, he filed a third complaint—the one at issue in this appeal—in cause number 60C02-1810-PL-482 ("Cause #3"). Cause #3 was assigned to Judge Hanlon and is still pending before her. Kindred filed this third complaint against DCS and other defendants[6] and included the same

---

[5] Kindred named the following defendants: (1) DCS; (2) DCS family case manager Charlotte Church; (3) DCS family case manager Stacy Zehr; (4) DCS regional manager Laura Fair; (5) Owen County DCS director Sonja Seymour; (6) DCS family case manager Fawn Miller; (7) Rebel Rich; (8) Troy Givens; (9) Bradley Givens; (10) Estachia Eberle; (11) Suella Ferrand; and (12) Mindy Hughes. The claims raised by Kindred included federal claims under 42 U.S.C. § 1983 and 18 U.S.C. § 24; conspiracy to violate his federal constitutional rights; violation of his familial, association, and privacy rights; false reporting; intentional infliction of emotional distress; false light; and defamation per se.

[6] Kindred named the following defendants: (1) DCS; (2) Office of the Attorney General; (3) DCS attorney Lindsey Jacobs; (4) DCS attorney Elizabeth Fiscus; (5) service provider Nicole White; (6) service provider Julie Miller; (7) Melissa Sparks Kindred; (8) Chris Hughes; and (9) Angie Bachlor.

federal and state law claims. Kindred's complaint in Cause #3 again challenged DCS's investigatory process and the involvement of others in that process. The Cause #3 complaint focused on the investigations and petitions from May 2018 to July 2018. The allegations regarding these periods had already been included in the amended, consolidated complaint in Cause #1. Indeed, many of the facts and claims are virtually identical to the portion of the Cause #1 amended complaint that refers to these 2018 incidents. Additionally, Kindred sought the same relief that he sought in his amended complaint in Cause #1.

[10] On November 13, 2018, Kindred filed, in Cause #3, a motion to disqualify counsel for the State. In his motion, Kindred stated that the two attorneys representing the State in Cause #3 were also representing the State in Cause #1, and he alleged that they had "consistently acted dilatory" and had violated various Rules of Professional Conduct in Cause #1. (App. Vol. 4 at 117). Kindred also alleged that he expected to call the State's attorneys as witnesses at trial in Cause #3.

[11] On December 3, 2018, Kindred filed, in Cause #3, a motion to consolidate, seeking to consolidate Cause #3 into Cause #1. He stated that, while Cause #3 involved additional defendants from Cause #1, the two causes involved common questions of law and fact. Kindred acknowledged that he had filed the amended, consolidated complaint in Cause #1 three days before he had filed the Cause #3 complaint, but he stated that he chose not include the defendants and claims from the Cause #3 complaint into the Cause #1

complaint because he wanted to prevent the State from "a second opportunity to remove" the case back to federal court and because it would have posed a "disadvantage" to the plaintiffs in Cause #1. (App. Vol. 2 at 72). Judge Hanlon denied Kindred's consolidation motion.

[12] Shortly thereafter, in late December and early January 2018, the State, Miller, and White filed individual motions to dismiss in Cause #3. They argued that Kindred's Cause #3 complaint should be dismissed pursuant to Indiana Trial Rule 12(B)(8) because the same action was pending in another state court. Specifically, they argued that the same action was pending in Cause #1 that was presided over by Special Judge Hill and that the parties, subject matter, and remedies in the two pending causes were substantially the same.

[13] Kindred then filed motions to strike or deny each of the motions to dismiss. Kindred argued that Judge Hanlon should deny the defendants' motions to dismiss because his two causes were pending before the same court, not different courts. In support of his argument, he cited to an unpublished opinion. He also argued that the motions should be dismissed as premature because he had a pending Trial Rule 42 motion to consolidate in Cause #1 in which he sought to consolidate Cause #3 into Cause #1.[7]

---

[7] Kindred acknowledged that pursuant to Trial Rule 42 he was required to file the motion to consolidate in Cause #1 because it was the court having the earliest jurisdiction between Cause #1 and Cause #3.

The trial court denied Kindred's motion to disqualify the State's counsel and granted the three motions to dismiss, thereafter entering judgment as a final judgment for purposes of appeal.[8] Kindred now appeals.[9]

# Decision

Kindred argues that the trial court erred by: (1) granting the three motions to dismiss; (2) denying his motion to consolidate; and (3) denying his motion to disqualify the State's counsel.

## 1. Motions to Dismiss

Kindred argues that Judge Hanlon erred by granting the Trial Rule 12(B)(8) motions to dismiss filed by the State, White, and Miller.

"Indiana Trial Rule 12(B)(8) permits the dismissal of an action when '[t]he same action [is] pending in another state court of this state.'" *Beatty v. Liberty Mut. Ins. Grp.*, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008) (quoting Ind. Trial Rule 12(B)(8)). "Trial Rule 12(B)(8) implements the general principle that, when an action is pending in an Indiana court, other Indiana courts must defer to that court's authority over the case." *Id.* "Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of

---

[8] The remaining defendants did not file motions to dismiss, so Kindred's claims against them are still pending. Pursuant to a motion filed by Kindred, Judge Hanlon granted a motion for stay in Cause #3 in relation to the remaining defendants.

[9] We note that while Kindred appeared *pro se* throughout the proceedings in Cause #3 and Cause #1, he is now represented by counsel, who is the counsel for Givens in Cause #1.

this state, and judicial efficiency." *Thacker v. Bartlett*, 785 N.E.2d 621, 625 (Ind. Ct. App. 2003). Trial Rule 12(B)(8) "applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same." *Id.* "Whether two actions being tried in different state courts amount to the same action depends on whether the outcome of one action will affect the adjudication of the other." *Bosley v. Niktob, LLC*, 973 N.E.2d 602, 605 (Ind. Ct. App. 2012), *trans. denied*. We review a trial court's dismissal of a complaint under Trial Rule 12(B)(8) *de novo*. *Beatty*, 893 N.E.2d at 1084.

[18]     Kindred argues that the trial court erred by granting the motions to dismiss Cause #3 pursuant to Trial Rule 12(B)(8) because Cause #1 was not pending in "another" court as required by the rule. Specifically, he points out that both Cause #1 and Cause #3 were filed in the same court, Owen Circuit Court 2. He contends that there is no need to analyze whether the parties, subject matter, and remedies of the two actions are the same or substantially the same because Cause #1 was not pending in "another" court, making Trial Rule 12(B)(8) inapplicable.

[19]     The Appellees argue that, for purposes of Trial Rule 12(B)(8), Cause #1 was pending in another court because it was pending before a different trial court judge. They point to the purpose of the rule, (i.e., to prevent confusion, conflicting judgments, or inconsistent rulings) and contend that "[w]hen, as in this case, two substantially similar cases are pending before two different judges, the risk of confusion and conflicting judgments is the same as if the

cases were in two different courts." (White's Br. 13). We agree with the Appellees.

[20] "Trial Rule 12(B)(8) is meant to avoid the risk of conflicting judgments or other confusion that can result from two courts exercising simultaneous jurisdiction over the same or substantially same action[,]" and "the rule precludes the same parties from litigating the same issues in two Indiana courts at the same time." *Beatty*, 893 N.E.2d at 1087 (applying Trial Rule 12(B)(8) and affirming the trial court's dismissal of an action filed in Marion Superior Court when the same or a substantially similar action was pending in Marion Circuit Court). Like the actions in *Beatty* that were filed in physically distinct courts, this case involves different judges. Here, at the time that Judge Hanlon granted the three motions to dismiss in Cause #3, Kindred had a substantially similar pending action in Cause #1 before Special Judge Hill. Both causes had been filed in Owen Circuit Court 2, but they were not pending before the same trial judge. We hold that, for purposes of Trial Rule 12(B)(8), "another" court includes actions filed in the same court but pending before different trial judges.

[21] Furthermore, the two actions at issue in this appeal involved the same or substantially the same parties, subject matter, and remedies. Both Cause #1 and Cause #3 involved DCS and other parties who Kindred alleged were involved in DCS's investigation into the care of his son, B.K., removal of B.K. and the filing of CHINS petitions. The fact that these other parties are not exactly the same in both causes is "irrelevant to the Trial Rule 12(B)(8)

requirement that each action contain the same parties" and "does not preclude operation" of the rule. *See Beatty*, 893 N.E.2d at 1086.

[22] Also, a review of Kindred's amended complaint in Cause #1 and his complaint in Cause #3 reveal that both involve the same or substantially the same subject matter. They both involve Kindred's challenge to DCS's investigatory process (including the filing of CHINS petitions and temporary removal of B.K. from his custody) and a challenge to the involvement of the employees and individuals in that process, and both complaints raised the same federal and state claims. The Cause #1 complaint focused on the investigations and petitions from December 2009 to July 2018, and the Cause #3 complaint focused on the investigations and petitions from May 2018 to July 2018. The allegations regarding the periods in Cause #3 were already included in the amended complaint in Cause #1. Indeed, many of the facts and claims in the Cause #3 complaint are virtually identical to the portion of the Cause #1 amended complaint that refers to these 2018 incidents. Moreover, when filing his motion to consolidate, Kindred acknowledged that the two causes involved common questions of law and fact, and he admitted that he could have included his claims in Cause #3 as part of his amended Cause #1 complaint but chose not to do so because he wanted to prevent the State from "a second opportunity to remove" the case back to federal court. (App. Vol. 2 at 72).

[23] Additionally, Kindred sought the same relief in his Cause #3 complaint that he sought in his amended complaint in Cause #1. This relief included declaratory and injunctive relief, punitive damages, and attorney fees. Indeed, a

comparison of the two complaints reveal that Kindred's requested remedies are virtually identical.

[24] Based on the facts and circumstances of this case, we conclude that Judge Hanlon did not err by granting the three motions to dismiss pursuant to Trial Rule 12(B)(8) where Kindred had the same action pending before Special Judge Hill. *See Thacker*, 785 N.E.2d at 625 (affirming the trial court's dismissal of the plaintiff's complaint under Trial Rule 12(B)(8) where the plaintiff had "circumvent[ed] the authority and discretion of the original trial court" by filing a new complaint instead of petitioning to amend his original complaint).

## 2. Motion to Consolidate

[25] Kindred contends that Judge Hanlon erred by denying his Trial Rule 42 motion to consolidate Cause #3 into Cause #1 that was pending before Special Judge Hill.

[26] Indiana Trial Rule 42 provides that a trial court may order actions to be consolidated when the actions involve a common question of law or fact. "The decision to consolidate actions is purely discretionary and will be overturned only when a manifest abuse of discretion is established." *In re Paternity of Tompkins*, 518 N.E.2d 500, 507 (Ind. Ct. App. 1988). "A party must show resultant prejudice as a prerequisite to establishing that a trial court erred in denying a motion under Trial Rule 42." *Id.*

Here, Kindred filed his motion to consolidate, asking Judge Hanlon to consolidate the cause pending before her, Cause #3, into Cause #1, the cause pending before Special Judge Hill. On appeal, Kindred has failed to show any "resultant prejudice" by Judge Hanlon's denial of his motion. *See id.* Moreover, as we noted above, Kindred's Cause #1 and Cause #3 were pending before different judges, which we will consider, in this instance, as different courts. Trial Rule 42(D) provides that a motion to consolidate actions that are pending in different courts "may only be filed in the court having jurisdiction of the action with the earliest filing date," which was Cause #1, not Cause #3. Accordingly, we conclude that there was no abuse of discretion by Judge Hanlon's denial of Kindred's motion to consolidate Cause #3 into Cause #1.

### 3. Motion to Disqualify

Lastly, we turn to Kindred's argument that Judge Hanlon erred by denying his motion to disqualify the State's counsel. Our supreme court has explained that "'[a] trial court may disqualify an attorney for a violation of the Rules of Professional Conduct that arises from the attorney's representation before the court.'" *Aguayo v. City of Hammond Inspection Dep't*, 53 N.E.3d 551, 555 (Ind. Ct. App. 2016) (quoting *Cincinnati Ins. Co. v. Wills*, 717 N.E.2d 151, 154 (Ind. 1999)). "The trial court's authority to disqualify attorneys is necessary to prevent insult and gross violations of decorum." *Id.* (internal quotation marks and citations omitted). "Importantly, however, this authority is limited to attorneys appearing before the court." *Id.* "More precisely, the authority of the trial court is limited to disqualification *in the case before the court.*" *Cincinnati*

*Ins.* 717 N.E.2d at 154 (emphasis added). We review a trial court's decision regarding disqualification for an abuse of discretion. *XYZ, D.O. v. Sykes*, 20 N.E.3d 582, 585 (Ind. Ct. App. 2014).

[29] Here, in Cause #3, Kindred filed a motion to disqualify counsel for the State based on their alleged conduct that had occurred in Cause #1. Kindred alleged that the State's attorneys had violated various Rules of Professional Conduct and had acted in a "dilatory" manner in their representation of the State in Cause #1. (App. Vol. 4 at 117). Because his motion to disqualify was based on counsel's alleged actions in a case that was not before Judge Hanlon and did not arise from counsel's representation in Cause #3, we conclude that there was no abuse of discretion when Judge Hanlon denied the motion.[10] *See, e.g.*, *Aguayo*, 53 N.E.3d at 555 (explaining that a trial court's authority to rule on a motion to disqualify is limited to the case before the court).

[30] Affirmed.[11]

Robb, J., and Mathias, J., concur.

---

[10] Kindred contends that Judge Hanlon was required to hold an evidentiary hearing before denying his motion to disqualify. Given our holding, we will not address this contention.

[11] We note that, in Cause #1, Kindred and the other plaintiffs in that cause have initiated an appeal from Special Judge Hill's order denying their motions for default judgment filed against some of the defendants. *See* Appellate Cause 19A-PL-2428. The Cause #1 order being appealed was entered as a final judgment for the purposes of appeal; otherwise, Cause #1 is still pending before Special Judge Hill.