# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK S. O'HARA**
Hostetter & O'Hara
Brownsburg, Indiana

ATTORNEY FOR APPELLEE,
Giselle Guzman:

**ROY W. HARRIS**
Biesecker Dutkanych & Macer, LLC
Evansville, Indiana

FILED
Mar 14 2013, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

GERSH ZAVODNIK,                              )
                                             )
    Appellant-Plaintiff,                    )
                                             )
        vs.                             )    No. 49A02-1209-CC-750
                                             )
BRIAN RICHARDS and,                          )
NJGOLFMAN.COM a/k/a                          )
SAVVA'S GOLF ENTERPRISES a/k/a               )
PROGOLFJERSEYCITY@ YAHOO.COM and,            )
STEVE PANAYIOTOV, a/k/a                       )
STEVE PANAYIOTOU, a/k/a                       )
SAVVA PANAYIOTOV, a/k/a                       )
SAAVA PANAYIOTOU,                            )
                                             )
    Appellees-Defendants,                   )
                                             )
        and,                            )
                                             )
GERSH ZAVODNIK,                              )
                                             )
    Appellant-Plaintiff,                    )
                                             )
        vs.                             )
                                             )

GISELLE GUZMAN,                          )
                                         )
        Appellee-Defendant.              )
_____

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Dreyer, Judge
Cause No. 49D10-1205-CC-19269 & 49D10-1204-CC-16659
_____

**March 14, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Gersh Zavodnik appeals the dismissal of his lawsuits against Giselle Guzman, Brian Richards, and Steve Panayiotou.[1] We affirm.

## Issue

The sole issue is whether the trial court properly dismissed Zavodnik's lawsuits against Guzman, Richards, and Panayiotou based upon their similarity to previous lawsuits that had been dismissed without prejudice under Indiana Trial Rule 41(E).

## Facts

From 2008 through 2010, Zavodnik filed a total of twenty-seven lawsuits against defendants who resided in five different states and ten different countries. Guzman and Richards were defendants in two separate lawsuits; Panayiotou does not appear to have been a defendant in this original batch of suits. These lawsuits were consolidated before

_____

[1] Zavodnik has also listed Panayiotou as a/k/a "Njgolfman.com," "Savva's Golf Enterprises," "Progoldjerseycity@yahoo.com," "Steve Panayiotov," "Savva Panayiotov," or "Savva Panayitou."

2

Judge Timothy Oakes of the Marion Superior Court. On March 2, 2011, Judge Oakes dismissed without prejudice all twenty-seven lawsuits under Indiana Trial Rule 41(E) for Zavodnik's failure to comply with local rules and failure to effect service upon a number of defendants. On March 1, 2012, this court affirmed the dismissal of twenty-four of the lawsuits, including those against Guzman and Richards, while reversing three of the dismissals. Zavodnik v. Gehrt, No. 49A02-1105-CT-393 (Ind. Ct. App. March 1, 2012).

On April 24, 2012, Zavodnik filed a new lawsuit against Guzman, and on May 11, 2012, he filed a new lawsuit against Richards, though Panayiotou was now named as a co-defendant in that suit. The allegations of the new complaints were the same as those of the originally-dismissed complaints.[2] The new complaints were assigned to Judge David Dreyer of the Marion Superior Court.

On June 12, 2012, Guzman filed a motion to dismiss Zavodnik's new complaint based on his failure to seek reinstatement of his original complaint before Judge Oakes. On July 11, 2012, Judge Dreyer dismissed with prejudice Zavodnik's complaint against Guzman. On July 12, 2012, without there having been an answer or motion to dismiss filed by Richards or Panayiotou, Judge Dreyer also dismissed the complaint against them. Judge Dreyer subsequently denied motions to correct error filed by Zavodnik in both cases, and he now appeals.

**Analysis**

---

[2] Unfortunately, neither the original nor subsequent complaints have been provided to this court on appeal. However, the motion to dismiss filed by Guzman asserts, and Zavodnik does not deny, that Zavodnik "attempts to make his living by filing lawsuits," namely, by filing "suit against individuals who he alleges caused him damages by failing to complete Internet sales purchases . . . ." App. p. 13.

3

Guzman's motion to dismiss invoked as its basis Indiana Trial Rule 12(B)(6), failure to state a claim upon which relief may be granted. We review a trial court's ruling on such a motion de novo. Carter ex rel. CNO Fin. Group, Inc. v. Hilliard, 970 N.E.2d 735, 747 (Ind. Ct. App. 2012). We will affirm a trial court's dismissal of an action if it is sustainable on any basis found in the record. City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind. 2001).

Guzman's motion further alleged that Zavodnik's filing of an entirely new complaint in a different court than his original action(s) contravened Indiana Trial Rule 41(E) and (F), given that dismissal of the original action occurred under Rule 41(E). Subsections (E) and (F) of Trial Rule 41 state:

> **(E) Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.
>
> **(F) Reinstatement following dismissal.** For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

4

(Brackets in original).  Guzman contends that subsections (E) and (F) clearly contemplate that upon Judge Oakes's dismissal of Zavodnik's complaint without prejudice under subsection (E) for failure to comply with court rules, Zavodnik was required to petition Judge Oakes for reinstatement of his complaint and could not avoid that requirement by filing an entirely new complaint before a different judge making the same allegations as the original complaint.

Zavodnik argues that the dismissal of his original complaint(s) without prejudice under Trial Rule 41(E) had no res judicata effect and did not hamper his ability to file an entirely new complaint or complaints in a different court, despite his admission on appeal that the new complaints against Guzman, Richards, and Panayiotou "were substantially the same" as the original complaints.[3]  Appellant's Br. p. 1.  We accept that dismissal of a complaint without prejudice ordinarily has no res judicata effect, and we will assume there was no such effect here.  See Zaremba v. Nevarez, 898 N.E.2d 459, 463 (Ind. Ct. App. 2008).

Zavodnik also relies upon Zaremba for the proposition that when a case is dismissed without prejudice, "a party is not prohibited from re-filing a complaint alleging the facts, and seeking the remedies requested in the original case that was dismissed." Appellant's Br. p. 3.  Zavodnik overstates Zaremba's holding.  In that case, we addressed Indiana Small Claims Rule 10, which provides in part that in the event default judgment is entered, a court may "vacate such judgment . . . [u]pon good cause shown" within one

---

[3] Zavodnik does not argue that the addition of Panayiotou as a co-defendant in the new complaint against Richards substantially altered the nature of the complaint.

5

year of the default being entered; otherwise, a party must seek to set aside the default through an independent action under Indiana Trial Rule 60(B). The plaintiff in Zaremba had voluntarily requested dismissal of her small claims complaint without prejudice, which the trial court granted, and later re-filed the action. The trial court had concluded that the plaintiff was required to seek relief from the dismissal under Trial Rule 60(B) before re-filing the action, but we disagreed and held that the plaintiff was entitled to proceed on her re-filed complaint. Zaremba, 898 N.E.2d at 464-65. Zaremba addressed an entirely different rule than Trial Rule 41, one that contains no procedure or requirements for reinstating a complaint that has been dismissed without prejudice. The Small Claims Rule's reinstatement procedure only applies to default judgments, not dismissals without prejudice.

Rather than being persuaded by Zaremba, we conclude this case bears many similarities to Thacker v. Bartlett, 785 N.E.2d 621 (Ind. Ct. App. 2003). In Thacker, a plaintiff's complaint was dismissed under Trial Rule 12(B)(6) for failing to state a cause of action. The plaintiff then filed a second, substantially identical complaint fourteen days later within the same county, which also was dismissed. Although the first dismissal did not operate as res judicata for the second complaint, we affirmed the second dismissal under Trial Rule 12(B)(8), "The same action pending in another state court of this state." Thacker, 785 N.E.2d at 625. We observed, "When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case." Id. "This rule applies where the parties, subject matter, and

6

remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same." Id. Under Trial Rule 12(B), a pleading that has been dismissed under Rule 12(B)(6) "may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule." Because of this rule, "Thacker could reanimate his complaint while his new complaint was active in another court, thereby defeating the interests of fairness to litigants, comity between and among courts of this state, and judicial efficiency." Id. We also noted that by filing a new complaint rather than amending the original complaint, "Thacker was circumventing the authority and discretion of the original trial court." Id.

Much like Trial Rule 12(B), we conclude that when a trial court has involuntarily dismissed a case without prejudice pursuant to Trial Rule 41(E), subsection (F) of that rule ascribes to the dismissing trial court the discretion to consider whether a complaint should be reinstated. Subsection (E) likewise provides options to a trial court to permit a complaint to proceed, despite rules violations by a plaintiff, in order to control its own docket and courtroom. We also presume that the Indiana Supreme Court, in drafting Trial Rule 41, did not intend to place a nullity in the rule by adding subsection (F)'s explicit procedure for how to go about reinstatement of a complaint dismissed without prejudice. Zavodnik's position, that such complaints can be re-filed in a different court without following the reinstatement procedure, would render that provision meaningless. By re-filing complaints before Judge Dreyer that were substantially similar, if not

7

identical, to complaints that Judge Oakes had already dismissed, Zavodnik was improperly attempting to circumvent Judge Oakes's authority and discretion to decide whether Zavodnik had good cause to reinstate his original complaint(s). Judge Dreyer apparently recognized this and acted properly in dismissing the re-filed complaints, which dismissal served the interests of fairness to litigants, judicial comity, and judicial efficiency.

We do acknowledge with respect to the complaint against Richards and Panayiotou that they did not file a motion to dismiss; rather, it appears Judge Dreyer dismissed this complaint sua sponte. Ordinarily, "a trial court may not sua sponte dismiss an action unless the court lacks jurisdiction or is otherwise authorized by statute or the rules of procedure." Tracy v. Morell, 948 N.E.2d 855, 862 (Ind. Ct. App. 2011). Regardless, Zavodnik makes no argument that Judge Dreyer could not sua sponte dismiss the complaint against Richards and Panayiotou upon discovering that it suffered from precisely the same defect as the complaint against Guzman, nor does he argue that there is any significant legal difference between the two complaints that could subject one to dismissal but not the other. We affirm the dismissal of both complaints.

**Conclusion**

Judge Dreyer acted properly in dismissing both complaints against Guzman, Richards, and Panayiotou. Zavodnik's only remedy if he wishes to continue to pursue legal action against those parties is to obtain reinstatement of his original complaints before Judge Oakes. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.