**FOR PUBLICATION**



FILED

May 22 2013, 10:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. O'HARA**
Hostetter & O'Hara
Brownsburg, Indiana

ATTORNEY FOR APPELLEE,
Giselle Guzman:

**ROY W. HARRIS**
Biesecker Dutkanych & Macer, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERSH ZAVODNIK, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CC-750 |
| | ) | |
| BRIAN RICHARDS and, | ) | |
| NJGOLFMAN.COM a/k/a | ) | |
| SAVVA'S GOLF ENTERPRISES a/k/a | ) | |
| PROGOLFJERSEYCITY @ YAHOO.COM and, | ) | |
| STEVE PANAYIOTOV, a/k/a | ) | |
| STEVE PANAYIOTOU, a/k/a | ) | |
| SAVVA PANAYIOTOV a/k/a | ) | |
| SAAVA PANAYIOTOU, | ) | |
| | ) | |
| Appellees-Defendants, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| GERSH ZAVODNIK, | ) | |
| | ) | |
| Appellant-Plaintiffl, | ) | |
| | ) | |
| vs. | ) | |

| GISELLE GUZMAN, | ) |
| | ) |
| | ) |
| Appellee-Defendant. | ) |

---

APPEAL FROM THEMARION SUPERIOR COURT
The Honorable David Dreyer, Judge
Cause No. 49D10-1205-CT-19269 & 49D10-1204-CC-16659

---

**May 22, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

Gersh Zavodnik petitions for rehearing following our decision in <u>Zavodnik v. Richards</u>, 984 N.E.2d 699 (Ind. Ct. App. 2013). With the following clarifications, we reaffirm our decision in all respects.

In our original decision, we held:

> [W]hen a trial court has involuntarily dismissed a case without prejudice pursuant to Trial Rule 41(E), subsection (F) of that rule ascribes to the dismissing trial court the discretion to consider whether a complaint should be reinstated. Subsection (E) likewise provides options to a trial court to permit a complaint to proceed, despite rules violations by a plaintiff, in order to control its own docket and courtroom. We also presume that the Indiana Supreme Court, in drafting Trial Rule 41, did not intend to place a nullity in the rule by adding subsection (F)'s explicit procedure for how to go about reinstatement of a complaint dismissed without prejudice. Zavodnik's position, that such complaints can be re-filed in a different court without following the reinstatement procedure, would render that provision meaningless. By re-filing complaints before Judge Dreyer

2

that were substantially similar, if not identical, to complaints that Judge Oakes had already dismissed, Zavodnik was improperly attempting to circumvent Judge Oakes's authority and discretion to decide whether Zavodnik had good cause to reinstate his original complaint(s). Judge Dreyer apparently recognized this and acted properly in dismissing the re-filed complaints, which dismissal served the interests of fairness to litigants, judicial comity, and judicial efficiency.

Zavodnik, 984 N.E.2d at 703. We then concluded, "Zavodnik's only remedy if he wishes to continue to pursue legal action against those parties is to obtain reinstatement of his original complaints before Judge Oakes." Id. at 703-04.

Zavodnik claims we overlooked two pertinent facts in reaching our holding. First, he states that, before filing the second set of lawsuits, he had already attempted to reinstate the original lawsuits but was refused permission to do so. We noted this attempt to reinstate and affirmed the trial court's refusal to reinstate in Zavodnik v. Gehrt, No. 49A02-1105-CT-393 slip op. p. 7, n. 17 (Mar. 1, 2012). Although we did not, in our original opinion in the present appeal, expressly note Zavodnik's prior attempt to reinstate, we did expressly state that Zavodnik must obtain reinstatement of his original complaints if he wishes to continue pursuing his legal claims against Giselle Guzman, Brian Richards, and Steve Panayiotou, not merely that he must seek reinstatement. Again, we emphasize that if Zavodnik is unsuccessful in having his original complaints reinstated, he may not circumvent that ruling by filing entirely new complaints raising identical legal and factual issues as the original complaints. The fact that Zavodnik has

3

already unsuccessfully attempted to reinstate his original complaints has no legal relevance to our analysis.

Second, Zavodnik claims that he cannot seek reinstatement of his original complaints by Judge Oakes because Judge Oakes has recused himself in all matters involving Zavodnik. The only indication of such recusal in the record before us is that one of Zavodnik's re-filed complaints was originally before Judge Oakes, but that Judge Oakes recused himself from the case upon Zavodnik's motion and the case was transferred to Judge Dreyer.[1] We cannot discern from the record that Judge Oakes has or will recuse himself from any attempts by Zavodnik to reinstate his original complaints. Even if Judge Oakes were to do so, it still would be up to the judge replacing him to determine whether to permit reinstatement of the original complaints within the parameters of Indiana Trial Rule 41(F).

We, therefore, clarify that although Zavodnik must obtain reinstatement of his original complaints under their original cause numbers, such reinstatement could be ordered by a judge other than Judge Oakes, if Judge Oakes indeed were to recuse himself from any future attempts at reinstatement. In all other respects, we reaffirm our original decision.

BAKER, J., and RILEY, J., concur.

---

[1] The CCS indicates only that the complaint against Guzman originally was filed before judge "OA123" and was then transferred to judge "DR973." App. pp. 8-9. We will assume that these abbreviations refer to Judge Oakes and Judge Dreyer. The other complaint against Richards and Panayiotou was originally filed in Judge Dreyer's courtroom.

4