

**FILED**

Apr 06 2015, 8:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Gary M. Selig<br>Indianapolis, Indiana | Fredric Lawrence<br>Nelson & Frankenberger<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demetrius L. Grant, and<br>Vickie O. Grant<br><br>*Appellant-Defendant,*<br><br>v.<br><br>The Bank of New York Mellon<br>Trust Co.,<br><br>*Appellee-Plaintiff* | April 6, 2015<br><br>Court of Appeals Case No.<br>49A05-1404-MF-139<br><br>Appeal from the Madison Superior<br>Court<br>Honorable Michael D. Keele, Special<br>Judge<br>Case No. 49D07-1006-MF-028352 |

**Friedlander, Judge.**

[1] Demetrius and Vickie Grant appeal the trial court's denial of their motion to dismiss and grant of summary judgment in favor of The Bank of New York Mellon Trust Company (the Bank). The Grants present the following dispositive issue for review: Was dismissal of the Bank's second foreclosure action against the Grants required where the first action was dismissed under Indiana Trial Rule 41(E)?

We reverse and remand.

The Grants have lived in their Indianapolis home for over thirty years. On January 28, 2004, they executed a note in the principal amount of $127,500 with Paragon Home Lending, LLC. To secure payment of the note, the Grants executed a mortgage. At some point, the mortgage and note were assigned to the Bank.

The Grants filed bankruptcy in 2007, and the bankruptcy court granted them discharge from the mortgage debt that same year. Thereafter, the Grants did not make their August 2007 mortgage payment or any subsequent payments.

On November 26, 2007, the Bank filed an In Rem Complaint on Note and to Foreclose Mortgage and Reformation of Mortgage and Deed (the First Foreclosure Action). The Bank took no action on the complaint for over a year and a half, so Judge S.K. Reid of the Superior Court of Marion County set the cause for call of the docket on July 29, 2009. Demetrius Grant appeared for the hearing, but the Bank did not. Accordingly, Judge Reid dismissed the cause pursuant to T.R. 41(E) for failure to prosecute.

Eight months later, on March 29, 2010, the Bank filed a motion to reinstate the First Foreclosure Action, which the court initially granted. Upon the Grants' motion, Judge Reid returned the case to disposed status on April 23, 2010, citing *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055 (Ind. Ct. App. 2007) (reversing reinstatement where plaintiff filed an unverified motion with

no supporting affidavits and presented no admissible evidence at the hearing on the reinstatement motion). The Bank did not appeal this ruling.

[7] Two months after unsuccessfully attempting to reinstate the First Foreclosure Action, the Bank filed a new lawsuit against the Grants asserting the same allegations and seeking the same relief (the Second Foreclosure Action). The Grants subsequently filed a motion to dismiss, invoking as its basis Indiana Trial Rule 12(B)(6). In their pro-se motion, the Grants argued that the First Foreclosure Action had been dismissed for failure to prosecute and could not be reinstated in this separate action. In opposition, the Bank argued in part that despite the T.R. 41(E) dismissal, it was allowed to refile a separate action in the future. The Grants replied that the motion to dismiss was proper under T.R. 41 and that "the bank [sic] attempt to refile this lawsuit is barred by the doctrine of res judicata". *Appellants' Appendix* at 68. Following a hearing, the trial court denied the Grants' motion to dismiss. The Grants appealed the denial, but this court dismissed the appeal because it was not from a final appealable order and the Grants had not sought certification of the interlocutory order. *Grant v. Bank of New York*, Cause No. 49A02-1104-MF-485 (March 22, 2012).

[8] After dismissal of the appeal, nothing happened in the case for several months and the trial court issued a call of the docket notice to the parties in November 2012. The Bank sought leave to amend its complaint in February 2013, which the trial court granted after a T.R. 41(E) hearing. The amendment, filed March 7, 2013, added the State as a party defendant and changed one date. The

Grants then sought a change of judge, which was granted, and Special Judge Michael Keele was appointed.

[9] On July 10, 2013, the Bank filed a motion for summary judgment. In their memorandum in opposition to summary judgment, the Grants noted the T.R. 41(E) dismissal of the First Foreclosure Action and that the case was not reinstated pursuant to T.R. 41(F). The Grants further developed their T.R. 41 argument in a supplemental response, which they urged should be treated as a belated motion to dismiss under T.R. 12(B)(8).

[10] The trial court held a summary judgment hearing on January 23, 2014. At the conclusion of the hearing, the court directed the Bank to file a response to the Grants' T.R. 12(B)(8) motion. In its written response, the Bank's sole argument was that T.R. 41(F) does not require a party to petition the original court to reinstate a case following dismissal for failure to prosecute. The Bank asserted, without citing any authority, "[a] Plaintiff is well-within its rights to instead re-file the Complaint at any time of its choosing." *Appellants' Appendix* at 330.

[11] On March 26, 2014, the trial court summarily denied the Grants' motion to dismiss. The court also entered a separate order for In Rem Entry of Summary Judgment and Decree of Foreclosure in favor of the Bank. The Grants now appeal.

[12] In support of their argument, the Grants direct us to *Zavodnik v. Richards*, 984 N.E.2d 699 (Ind. Ct. App. 2013), *aff'd on reh'g*, 988 N.E.2d 806 (Ind. Ct. App. 2013), a case with procedural facts almost identical to those at hand. In

*Zavodnik*, the plaintiff's complaint was dismissed under T.R. 41(E) for failure to prosecute and the plaintiff unsuccessfully attempted to reinstate the original lawsuit pursuant to T.R. 41(F). The plaintiff then filed a new lawsuit with allegations nearly identical to those of the originally-dismissed complaint. The new court granted the defendant's motion to dismiss.[1]

[13] The defendant argued that the filing of an entirely new complaint in a different court contravened T.R. 41(E) and (F) and that the plaintiff should not be allowed to avoid the rule's reinstatement requirement simply by filing a new complaint before a different judge.

[14] Subsections (E) and (F) of T.R. 41 provide:

> **(E) Failure to prosecute civil actions or comply with rules.**
> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.
>
> **(F) Reinstatement following dismissal.** For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

---

[1] The trial court in *Zavodnik* also sua sponte dismissed, on the same grounds, another complaint involving two other defendants.

Thus, "when a trial court has involuntarily dismissed a case without prejudice pursuant to Trial Rule 41(E), subsection (F) of that rule ascribes to the dismissing trial court the discretion to consider whether a complaint should be reinstated." *Zavodnik v. Richards*, 984 N.E.2d at 703.

In holding that the plaintiff's only remedy was to obtain reinstatement of his first complaint under its original cause number, we explained:

> We [] presume that the Indiana Supreme Court, in drafting Trial Rule 41, did not intend to place a nullity in the rule by adding subsection (F)'s explicit procedure for how to go about reinstatement of a complaint dismissed without prejudice. Zavodnik's position, that such complaints can be re-filed in a different court without following the reinstatement procedure, would render that provision meaningless. By re-filing complaints before Judge Dreyer that were substantially similar, if not identical, to complaints that Judge Oakes had already dismissed, Zavodnik was improperly attempting to circumvent Judge Oakes's authority and discretion to decide whether Zavodnik had good cause to reinstate his original complaint(s). Judge Dreyer apparently recognized this and acted properly in dismissing the re-filed complaints, which dismissal served the interests of fairness to litigants, judicial comity, and judicial efficiency.

*Id*. On rehearing, we reiterated, "if Zavodnik is unsuccessful in having his original complaints reinstated, he may not circumvent that ruling by filing entirely new complaints raising identical legal and factual issues as the original complaints." *Zavodnik v. Richards*, 988 N.E.2d at 807-08.

In this appeal, the Bank makes no attempt to distinguish *Zavodnik* and, in fact, does not even cite the case. The Bank, rather, relies on two arguments in an attempt to avoid the clear mandate of *Zavodnik*: (1) the First Foreclosure Action

and the Second Foreclosure Action are not the same because they seek different relief and (2) the Grants waived their T.R. 41 argument.

[17] Before addressing these arguments, we observe one key difference between this case and *Zavodnik.* The latter was dismissed without prejudice, while the present was dismissed with prejudice.[2] In *Zavodnik*, we reached the T.R. 41(F) analysis only after observing that the T.R. 41(E) dismissal *without prejudice* had no res judicata effect. The same cannot be said for a dismissal with prejudice, such as in the case at hand. *See Afolabi v. Atl. Mortgage & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006) ("a dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions that might have been litigated").

[18] In any case, however, we must address the Bank's assertion that the two actions are not the same. Citing *Afolabi*, the Bank argues that the Grants' obligations under the note and mortgage were ongoing and any subsequent default created a new and independent right to initiate foreclosure. The Bank continues, "[t]he Second Action seeks relief for defaults that could not have been contemplated by the First Action because the Second Action sought to recover amounts based

---

[2] T.R. 41(B) provides in relevant part as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule…operates as an adjudication upon the merits." In this case, because Judge Reid did not otherwise specify, the dismissal of the First Foreclosure Action was with prejudice.

on defaults that had accrued only after the dismissal of the First Action."
*Appellant's Brief* at 13.

[19] The Bank's argument ignores the undisputed fact that the Grants' personal liability under the note and mortgage had been discharged in bankruptcy. Accordingly, the relief sought in both foreclosure actions was precisely the same and the First Foreclosure Action fully contemplated nonpayment due to the bankruptcy. A review of the respective complaints, in fact, reveals that they were based on the same alleged default. *Cf. Afolabi v. Atl. Mortgage & Inv. Corp.*, 849 N.E.2d at 1175 ("the facts necessary to establish a default in the first foreclosure action are different from the facts necessary to establish a default in the second foreclosure action"); *Deutsche Bank Nat'l Trust Co. v. Harris*, 985 N.E.2d 804, 816 (Ind. Ct. App. 2013) ("subsequent and separate alleged defaults under the note create a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action"). Unsatisfied with Judge Reid's refusal to reinstate the First Foreclosure Action and apparently unwilling to appeal that ruling, the Bank chose to re-institute the exact same claim in a new lawsuit. This was improper.

[20] Finally, we turn to the Bank's claim that the Grants have waived their T.R. 41 argument. From the beginning of this cause, the Grants have insisted (on various grounds) that the Bank could not refile a new lawsuit to avoid dismissal of the First Foreclosure Action. This issue was litigated on res judicata grounds as a result of the Grants' T.R. 12(b)(6) motion to dismiss filed in 2010. The Grants raised the issue again in 2013 in response to the Bank's summary

judgment motion, invoking T.R. 12(b)(8) and T.R. 41(F). At the summary judgment hearing, the issue was once again litigated and the trial court expressly requested that the Bank file a written response to the Grants' arguments. In its written opposition to the motion to dismiss, the Bank addressed the merits of the T.R. 41 issue and did not argue waiver. On the record before us, we find the Bank's belated waiver argument disingenuous and without merit.[3]

[21] The Bank improperly attempted to circumvent Judge Reid's T.R. 41 ruling by filing an entirely new complaint raising identical legal and factual issues. This violated both T.R. 41 and principles of res judicata. Accordingly, the trial court erred when it granted summary judgment in favor of the Bank. The trial court is directed on remand to vacate the grant of summary judgment and dismiss the Bank's complaint.

[22] Judgment reversed and cause remanded with instructions.

Kirsch, J., and Crone, J. concur.

---

[3] In support of its waiver argument, the Bank relies on a number of cases applying Indiana Appellate Rule 46(C), which provides that no new issues shall be raised in a reply brief. This rule applies to appellate briefs and, of course, has no applicability to trial court filings. We are perplexed by the Bank's reliance on these cases with respect the Grants' summary judgment filings.