## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 25 2016, 9:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Johnny W. Ulmer
Bristol, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Imad A. Elayan,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Vincent M. Campiti,<br>*Appellee-Defendant.* | August 25, 2016<br><br>Court of Appeals Case No.<br>71A03-1602-PL-330<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Margot F. Reagan, Judge<br><br>Trial Court Cause No.<br>71D04-1405-PL-109 |

**Altice, Judge.**

## Case Summary[1]

Imad A. Elayan appeals the dismissal with prejudice of his suit for legal malpractice filed against Vincent Campiti. He also challenges the trial court's award of attorney fees.

We affirm.

## Facts & Procedural History

On May 5, 2014, Elayan filed a complaint against Campiti for legal malpractice and breach of fiduciary duty in the St. Joseph Superior Court. Thereafter, on January 27, 2015, Campiti filed a motion to dismiss based upon Elayan's failure to prosecute the case and respond to discovery for over six months. Following a hearing, on March 31, 2015, the trial court dismissed the case without prejudice pursuant to Ind. Trial Rule 41(E).[2]

Although T.R. 41(F) provides a mechanism for reinstatement following such a dismissal, Elayan did not seek reinstatement. Rather, on April 10, 2015,

---

[1] We observe that Elayan's brief and appendix are rife with violations of our appellate rules, which we will not endeavor to detail here. Appellate counsel Johnny W. Ulmer, however, is directed to thoroughly review the Indiana Rules of Appellate Procedure – particularly Rules 46 and 50 – before filing a brief with this court again. While we may dismiss an appeal due to flagrant violations of the rules, we exercise our discretion to reach the merits in this case. *See Galvan v. State*, 877 N.E.2d 213, 216 (Ind. Ct. App. 2007).

[2] The dismissal was also grounded on Ind. Trial Rule 37, as a discovery sanction. However, the case upon which the trial court relied in its order, *Olson v. Alick's Drugs, Inc.*, 863 N.E.2d 314 (Ind. Ct. App. 2007), *trans. denied*, was based exclusively on T.R. 41. This is likely because T.R. 41(E) allows for dismissal for failure to prosecute *or* comply with the trial rules, which include the discovery rules. Accordingly, the case is properly analyzed under T.R. 41(E).

Elayan filed a new action in the St. Joseph Circuit Court based upon the same claims. In this "new" cause, Campiti quickly filed a motion to dismiss and a motion for attorney fees. Several months later, the Circuit Court transferred the matter back to the Superior Court, which retained jurisdiction.

[5] Thereafter, Campiti renewed his motion to dismiss, as well as his request for attorney fees. The trial court held a hearing on the pending motions on January 13, 2016. At the conclusion of the hearing, the trial court noted that the prior dismissal had been based on Elayan's failure to prosecute and failure to respond to discovery, both of which the court indicated "in a lot of ways go together." *Transcript* at 38. In its written order issued the following day, the court explained that a dismissal without prejudice requires a plaintiff to affirmatively seek reinstatement of the original action before the court that initially dismissed the action. Because Elayan had not filed a motion for reinstatement and had offered no good cause to support reinstatement of the case in the ten months since dismissal, the court dismissed the case with prejudice. Additionally, finding that the proceedings in the Circuit Court were "clearly improper and clearly contrary to law", the trial court granted Campiti's request for attorney fees incurred as a result of those proceedings. *Appendix* at 10. In a separate order issued February 2, 2016, the trial court directed Elayan to pay a portion of Campiti's attorney fees in the amount of $2127.50. Elayan now appeals.

## Discussion & Decision

### 1. Dismissal with Prejudice

[6] Elayan initially challenges the trial court's granting of Campiti's second motion to dismiss – this time with prejudice. He claims that he was not required to seek reinstatement of the action in the original trial court, the St. Joseph Superior Court, because the action was dismissed based solely on T.R. 37(B) rather than T.R. 41(E). This is a misstatement of the record.

[7] In any case, the involuntary dismissal without prejudice here clearly required Elayan to seek reinstatement in the original trial court if he desired to continue litigating the matter. *See Zavodnik v. Guzman*, 984 N.E.2d 699, 702-03 (Ind. Ct. App. 2013), *aff'd on reh'g*, 988 N.E.2d 806 (Ind. Ct. App. 2013) (although involuntary dismissal without prejudice had no res judicata effect, plaintiff was precluded from filing a new complaint in another court instead of petitioning for reinstatement in the original court); *Thacker v. Bartlett*, 785 N.E.2d 621, 625 (Ind. Ct. App. 2003) ("by filing a new complaint instead of petitioning to amend his original complaint, Thacker was circumventing the authority and discretion of the original trial court"). Elayan's argument to the contrary is wholly without merit.

*2. Attorney Fees*

[8] Elayan's challenge to the award of attorney fees is based exclusively on his erroneous conclusion that the "refiling of the original complaint in the St. Joseph Circuit Court…was perfectly permissible". *Appellant's Brief* at 9. As

discussed above, it was not. Accordingly, Elayan has failed to establish that the trial court erred in awarding attorney fees under Ind. Code § 34-52-1-1(b).[3]

[9] Judgment affirmed.

[10] Bradford, J. and Pyle, J., concur.

---

[3] This part of the statute provides:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action…on a claim…that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action…after the party's claim…clearly became frivolous, unreasonable or groundless; or

(3) litigated the action in bad faith.

*Id.*