

FILED

Oct 09 2019, 7:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan D. Wilson
Kokomo, Indiana

ATTORNEY FOR APPELLEE

J. Dustin Smith
Manley Deas Kochalski LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael J. Mannion, <br> *Appellant-Defendant,* <br><br> v. <br><br> Wilmington Savings Fund Society FSB, <br> *Appellee-Plaintiff.* | October 9, 2019 <br><br> Court of Appeals Case No. <br> 19A-MF-446 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable Brant J. Parry, Special Judge <br><br> Trial Court Cause No. <br> 34D02-1806-MF-455 |

**Sharpnack, Senior Judge.**

## Statement of the Case

[1] Michael Mannion appeals the trial court's summary judgment, in rem judgment, default judgment, and decree of foreclosure in favor of Wilmington Savings Fund Society FSB (Wilmington). We reverse and remand with instructions.

# Issue

Mannion presents one issue for our review, which we restate as: whether dismissal of an in rem foreclosure action under Indiana Trial Rule 41(E) is a bar to subsequent in rem foreclosure actions on the same note and mortgage.

# Facts and Procedural History

On November 5, 1998, Mannion executed a note and mortgage on a residence in Kokomo, Indiana. Several years later in October 2007, he filed bankruptcy, and, in February 2009, he received a discharge from the mortgage debt. Thereafter, Mannion made no payments on the mortgage.

In April 2009, Bank of America, Wilmington's predecessor in interest, filed an in rem foreclosure action ("First Foreclosure Action") against Mannion. In March 2010, the court noted that Bank of America had taken no action in the case for a period in excess of sixty days and set the matter for a Trial Rule 41(E) hearing. Bank of America did not appear for the hearing, and the court dismissed the action in April 2011 pursuant to Trial Rule 41(E).

In November 2012, Ditech Financial LLC, another of Wilmington's predecessors in interest, filed an in rem foreclosure action ("Second Foreclosure Action") against Mannion. This action was subsequently dismissed on the plaintiff's motion in January 2017.

The present case was initiated in April 2018 when Wilmington filed an in rem foreclosure action ("Third Foreclosure Action") against Mannion. The parties

filed cross motions for summary judgment and responses thereto. In his motion, Mannion alleged that the Trial Rule 41(E) dismissal in the First Foreclosure Action is a dismissal with prejudice and on the merits and is therefore res judicata as to the issues that may have been litigated. Wilmington claimed that the Third Foreclosure Action is based upon a default by Mannion that occurred after the dismissal of the First Foreclosure Action and is thus not barred by res judicata. In January 2019, the trial court granted Wilmington's motion for summary judgment and denied Mannion's. In February, the court entered a separate in rem summary judgment and decree of foreclosure in favor of Wilmington. It is from these orders that Mannion now appeals.

## Discussion and Decision

[7] On appeal from a summary judgment, we apply the same standard of review as the trial court: summary judgment is appropriate only where the designated evidentiary matter shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Ind. Trial Rule 56(C); *see also Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 423-24 (Ind. 2015). Appellate review of a summary judgment is limited to those materials specifically designated to the trial court, and all facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Sheehan Const. Co., Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 688 (Ind. 2010). Where the parties make cross motions for summary judgment, we consider each motion separately to determine whether the moving party is entitled to judgment as a

matter of law. *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind. Ct. App. 2006), *trans. denied*.

[8] First, the parties agree that Mannion received a discharge in bankruptcy and that the discharge occurred prior to the initiation of the First Foreclosure Action. It is further undisputed that, due to his discharge in bankruptcy, Mannion is no longer personally liable for the debt secured by the mortgage. Indeed, this is not a novel concept. *See McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 827 (Ind. 2017) (explaining that Chapter 7 bankruptcy discharge eliminates homeowner's obligation to pay back mortgage).

[9] While the bankruptcy discharge removed the ability of Wilmington and its predecessors in interest to seek to collect against Mannion individually (i.e., in personam), Wilmington or one of its predecessors may still seek to enforce the mortgage and collect the debt in an action against the property itself (i.e., in rem). *See id.* at 827-28 (clarifying distinction between in personam and in rem liability on mortgage). Hence the initiation of the in rem foreclosure actions in the present case. However, the First Foreclosure Action, which was filed by Bank of America, one of Wilmington's predecessors in interest, was dismissed pursuant to Trial Rule 41(E).

[10] In this case, Wilmington does not contest that the Trial Rule 41(E) dismissal in the First Foreclosure Action is a dismissal with prejudice and on the merits. Certainly, unless the court specifies otherwise in its order for dismissal, a dismissal pursuant to Trial Rule 41(E) operates as an adjudication on the

merits. Ind. Trial Rule 41(B); *Ind. Dep't of Nat. Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011), *trans. denied*. "Clearly, this means that unless the trial court indicates that the dismissal is without prejudice, it must be deemed to be with prejudice." *Brimhall v. Brewster*, 835 N.E.2d 593, 597 (Ind. Ct. App. 2005), *trans. denied*. Here, the CCS for the First Foreclosure Action states, "No persons having appeared in objection to this matter being dismissed pursuant to TR 41(E), Court now on its own motion orders this cause dismissed pursuant to TR 41(E)." Appellant's App. Vol. II, p. 73. The court does not indicate that the dismissal was without prejudice; accordingly, the order dismissing the First Foreclosure Action pursuant to Trial Rule 41(E) is deemed an adjudication on the merits and a dismissal with prejudice.

[11]    Additionally, "'[i]n Indiana, it is well settled that a dismissal with prejudice is a dismissal on the merits, and as such, it is conclusive of the rights of the parties and res judicata as to the questions that might have been litigated.'" *Hart v. Webster*, 894 N.E.2d 1032, 1037 (Ind. Ct. App. 2008) (quoting *Mounts v. Evansville Redevelopment Comm'n*, 831 N.E.2d 784, 791 (Ind. Ct. App. 2005), *trans. denied*). The question here, then, is whether the adjudication in the First Foreclosure Action is a bar to the present action.

[12]    The doctrine of res judicata serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011), *trans. denied*. The doctrine has two components: claim preclusion and issue preclusion. *Id.* Claim preclusion applies when a final judgment on the merits has been rendered in an action, and it acts to bar a subsequent action

on the same claim between the same parties. *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 340 (Ind. Ct. App. 2013). More specifically, claim preclusion applies when the following four factors are satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.*

[13] Basically, Wilmington is asserting that res judicata does not apply in this case because the third element is not satisfied. Specifically, Wilmington claims the two foreclosure actions are not the same because they are based on different acts of default and because they seek different judgment amounts. Essentially, Wilmington's argument is that, regardless of his discharge in bankruptcy, Mannion's obligation under the mortgage was ongoing such that any non-payment subsequent to his discharge amounted to a default that served as a basis for the First Foreclosure Action. The basis for the Third Foreclosure Action, however, is the default arising from the nonpayment of the mortgage subsequent to the dismissal of the First Foreclosure Action, thereby creating a new and independent default and basis for foreclosure not contemplated by the First Foreclosure Action.

[14] Wilmington's assertion ignores the undisputed fact that Mannion's personal liability under the mortgage had been discharged in bankruptcy. The essentials of the controversy are the same in both foreclosure actions: the debt is unpaid;

Mannion is discharged from liability for the debt; the creditor can foreclose on the property; and the creditor is seeking an in rem judgment. Thus, both foreclosure actions were based on the nonpayment of the mortgage due to the mortgagor's discharge in bankruptcy.

[15] Moreover, the relief sought in both foreclosure actions was an in rem judgment for the amount due on the mortgage. The fact that a different amount was alleged in each of the foreclosure actions is of no consequence. Due to the creditors' lack of success in their attempts to foreclose, the litigation has spanned many years, thus increasing the amount of the debt; this does not create a new and independent basis for foreclosure. *See Grant v. Bank of New York Mellon Tr. Co.*, 30 N.E.3d 733 (Ind. Ct. App. 2015) (following dismissal with prejudice of foreclosure action pursuant to T.R. 41(E), note and mortgage holder was precluded from filing second complaint that raised same legal and factual issues as first action; mortgagors' personal liability under note and mortgage had been discharged in bankruptcy, and thus, relief sought in both foreclosure actions was same and based on the same alleged default), *trans. denied*.

[16] Finally, Wilmington includes a public policy argument that Mannion should not receive the property "free and clear" of its lien. Appellee's Br. p. 18. However, where, as here, the creditor created the situation as a direct result of its failure to prosecute, and the homeowner obtained a judgment on the merits, the judgment should have its full res judicata effect in accordance with res judicata principles.

# Conclusion

[17] For the reasons stated, we conclude the trial court erred by entering summary judgment in favor of Wilmington. We reverse and remand with instructions to enter judgment in favor of Mannion.

[18] Reversed and remanded with instructions.

Bradford, J., and Pyle, J., concur.