**FILED**

Apr 03 2020, 6:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Ross G. Thomas
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Samuel E. Vande Brake,

*Appellee-Defendant,*

April 3, 2020

Court of Appeals Case No.
19A-CR-1772

Appeal from the Tippecanoe
Superior Court

The Honorable Randy Williams,
Judge

Trial Court Cause No.
79D01-1903-F1-5

**Robb, Judge.**

# Case Summary and Issue

[1] Following an incident in which Samuel Vande Brake shot his roommate, the State charged him with several battery offenses, criminal recklessness, and attempted murder. Before trial, the State filed a motion to add a firearm enhancement, which the trial court granted. A jury found Vande Brake guilty of aggravated battery, a Level 3 felony; battery by means of a deadly weapon and battery resulting in serious bodily injury, both Level 5 felonies; and criminal recklessness committed with a deadly weapon, a Level 6 felony. The jury found Vande Brake not guilty of attempted murder. After the jury delivered its verdicts, the trial court accepted the verdicts and thanked the jury. The jury was excused and permitted to leave the courtroom. The State then raised the firearm enhancement issue and the trial court responded that the enhancement was never discussed at any time prior to and during the trial. The trial court *sua sponte* dismissed the enhancement as "a matter of course" and the State did not object.

[2] Following the dismissal of the enhancement, the State filed a motion to correct error requesting that the firearm enhancement be reinstated. The trial court denied the motion. At sentencing, the trial court entered judgment of conviction for aggravated battery, a Level 3 felony, and the remaining counts were vacated. The trial court sentenced Vande Brake to serve nine years in the Indiana Department of Correction ("DOC"), two of which were suspended to probation. The State appeals and raises one issue for our review, namely whether the trial court abused its discretion when it dismissed the firearm

enhancement *sua sponte*. Concluding the trial court abused its discretion, we reverse the dismissal of the firearm enhancement and remand with instructions for the trial court to impanel a new jury to hear the enhancement charge.

## Facts and Procedural History

[3] Since June 2017, Vande Burke and his friend, Tristan Fernandez, had been living as roommates in Vande Burke's parents' basement in Lafayette, Indiana. On October 19, 2017, law enforcement officers responded to a report by Vande Burke's mother, Barb, that Vande Burke had shot Fernandez in their basement. When officers arrived, they found Fernandez in the basement and rendered first aid until an ambulance arrived. Barb told officers that earlier that afternoon, Vande Burke was angry and told her he intended to kick Fernandez out of the house. At some point later, Barb heard "loud angry voices[,]" overheard Vande Brake say "get out," and then heard a shot. Appellant's Appendix, Volume 2 at 17. Barb went downstairs where she saw Fernandez on the floor with blood on him; Vande Brake told Barb that Fernandez had been shot.

[4] Fernandez was admitted to the hospital and treated for a gunshot wound to the chest. The next day, officers spoke with Fernandez, who stated he and Vande Brake had been living in the basement of Vande Brake's parents' home. On October 19, Vande Brake got upset and told Fernandez to pack his things and leave the residence. As Fernandez was packing, Vande Brake came downstairs, became "hostile and began yelling at him and at one point . . . pulled out a handgun." *Id.* Vande Brake put the gun to Fernandez's chest and Fernandez

pushed the gun away and told Vande Brake not to pull the gun on him. Vande Brake then shot him in the chest.[1]

[5] On October 26, 2017, the State charged Vande Brake with the following: Count I, aggravated battery, a Level 3 felony; Count II, battery by means of a deadly weapon, a Level 5 felony; Count III, battery resulting in serious bodily injury, a Level 5 felony; and Count IV, criminal recklessness, a Level 6 felony, under Case No. 79D01-1710-F3-26. On November 3, the State filed a motion to add a "use of firearm" sentence enhancement. The trial court granted the motion and directed the magistrate to conduct an initial hearing on the new count. *See id.* at 24-26.

[6] Following an initial hearing, the magistrate issued an order stating that "[a]ll proposed final instructions shall be submitted prior to the commencement of trial but need not be exchanged with opposing counsel until the conclusion of the evidence in this case." *Id.* at 27. Vande Brake was ordered not to have any contact with the victim in this case. In addition, the order required that an objection to any portion of the order must be made in writing and filed within fifteen days of the order's entry. *See id.* at 30. No objections were filed.

[7] Vande Brake subsequently filed a Notice of Self-Defense. On December 28, 2018, the State filed a Motion to Add Additional Count of attempted murder, a

---

[1] As the transcript and corresponding exhibits from the jury trial were not included in the record on appeal, the underlying facts set forth in the first two paragraphs are derived solely from the probable cause affidavit contained in the State's Appendix.

Level 1 felony. In its motion, the State also requested that the attempted murder count be listed as Count V and the previously filed firearm enhancement be listed as Count VI. *See id.* at 55. Over Vande Brake's objection, the trial court granted the State's motion and later ordered the clerk to assign a new cause number to the case. On March 26, 2019, all counts from the previous case number were transferred to a new case number that also included the attempted murder count: Case No. 79D01-1903-F1-5. *See id.* at 66-67. Notably, neither Chronological Case Summary ("CCS") lists the firearm enhancement as a charged offense in the Case Information section. *See id.* at 2, 67. However, the CCS for Case No. 26 reflects the State's motion to add the enhancement and the trial court's grant of that motion. *See id.* at 4-5. The State never brought this to the trial court's attention, nor did it mention the firearm enhancement or the need for bifurcated proceedings at any pre-trial hearings in which trial procedure was discussed.

[8] Vande Brake filed his proposed jury instructions on June 12, 2019. The State filed its proposed preliminary and final instructions the next day, none of which mentioned the firearm enhancement or bifurcation. The trial court provided its preliminary instructions the same day. A jury trial was held on June 18-20, 2019. Ultimately, the jury found Vande Brake guilty of Counts I through IV and not guilty of Count V (attempted murder). Following the verdicts, the trial court accepted the verdicts and thanked the jury:

> The Court:     Court accepts the verdicts enters judgment of
>                conviction as to counts one, two, three and

four and enters of acquittal as to count five. Ladies and gentleman I want to thank you, it took almost an entire three days. I hope you – the things I talked about when you first got here I hope they proved to be true in terms of how important this process is and that going through the process is something that not necessarily that you would enjoy but you understand the importance and that you would be glad that you did it. We all thank you for your time and efforts throughout this process. I would ask that when you are excused if you could please wait for me back in the jury room, and I'll be back in there in just a couple minutes. Alright.

Court Bailiff:     All rise.

[At this time the jury is excused and permitted to leave the courtroom]

The Court:     You may be seated, thank you.

Transcript, Volume 1 at 5-6.

[9]     However, after this, the State immediately said, "Judge, there's a firearm enhancement that would attach to the aggravated battery count." *Id.* at 6. The trial court responded:

We've never talked about that. It was not discussed. It was not discussed at any time during the course of this trial. It was not discussed prior to and in preparation of this trial. I – there was nothing stated about a jury. The jury has now been excused. The defendant has not waived jury as to that. The Court

dismisses it as a matter of course. Okay, seventy-two hours, three days to confer about what will happen if that was the case. We were here last night after the close of evidence, since 11:00 o'clock, 10:00 o'clock today, we've had the opportunity to discuss that matter and nothing has been raised. . . .

*Id.*[2] The State did not respond or object to the dismissal of the enhancement at this time.

Instead, on June 27, the State filed a Motion to Correct Error requesting that the trial court reinstate the firearm enhancement. In support of reinstatement, the State relied on Indiana Code section 35-50-2-11(f), which states that if an individual is convicted of an offense defined by subsection (b) – here, aggravated battery – "in a jury trial, the jury shall reconvene to hear evidence in the enhancement hearing." The State argued that "[a]t no point prior to the trial or during the trial proceedings did defense counsel claim the enhancement was untimely filed, or that he lacked notice that it would be tried, or that there was any procedural defect in the filing." Appellant's App., Vol. 2 at 90. The State suggested the following remedies with respect to the requested reinstatement of the enhancement:

> a.      Empanel a new jury for the purposes of hearing evidence, deliberating upon, and rendering a decision on the firearm enhancement.

---

[2] Notably, the same judge who granted the State's motion to add the firearm enhancement also presided over the trial and dismissed the enhancement. *See* Appellant's App., Vol. 2 at 26; *see generally* Tr., Vol. 1.

> > i. In *Carter v. State*, the trial court decided after the original jury returned guilty verdict [sic] that its calendar did not allow for an immediate Habitual Offender trial, so it dismissed the original jury and called a new jury several weeks later for a separate Habitual Offender trial. *Carter v. State*, 505 N.E.2d 798, 801 (Ind. 1987).
> >
> > ii. In *Wade v. State*, the trial court decided that the first jury had done enough work when it returned a guilty verdict after a five-day trial and that it would be "inconvenient" to have them wait over a weekend to do the Habitual Offender portion of the trial. Therefore, the Court dismissed the first jury and empaneled a new jury over six weeks later to do the Habitual Offender portion of the trial. *Wade v. State*, 718 N.E.2d 1162, 1169 (Ind. Ct. App. 1999).
>
> b. Allow [Vande Brake] the opportunity to waive the enhancement portion of the jury trial to a bench trial.
>
> c. Allow [Vande Brake] the opportunity to admit to the enhancement. During the trial, [Vande Brake] admitted to using the firearm to shoot the victim while claiming self-defense. Ultimately, the jury rejected his defense. With this only being an enhancement, admitting to the enhancement would not affect [Vande Brake]'s appellate rights – should the count to which the enhancement attaches get reverse, so too would the enhancement.

*Id.* at 91.

[11] Vande Brake responded, requested that the trial court deny the State's motion to correct error, and asserted:

4.    The trial is over.  There is no jury to call back.  There is no time to have yet another jury trial before sentencing.

5.    There before trial the State of Indiana submitted Preliminary Instructions that did not mention a single word about bifur[ca]tion or the Sentencing Enhancement.

6.    That during the course of the trial, despite the State being represented by two (2) Deputy Prosecuting Attorneys, was not a single, solitary word about the Firearms Enhancement was mentioned by the State and not a word before the dismissal of the jury.

*Id.* at 93.  The trial court subsequently denied the State's motion to correct error.

[12]    After the trial court's denial but prior to sentencing, the State filed two motions – a Motion to Stay Sentencing Pending Appeal and a Motion to Reconsider State's Motion to Correct Error – but later withdrew these motions at the sentencing hearing, which was held on July 19, 2019.  *See id*. at 97-98, 101-02.  At sentencing, the trial court entered judgment of conviction on Count I only, aggravated battery, a Level 3 felony, and vacated Counts II, III, and IV.  The trial court sentenced Vande Brake to serve nine years, seven years executed in the DOC and two years suspended to probation.  *See* Sentencing Order at 2.  *The State* now appeals.

# Discussion and Decision

# I. Standard of Review

Here, the State appeals from a negative judgment.

> A judgment entered against a party bearing the burden of proof is a negative judgment. On appeal from a negative judgment, this Court will reverse the trial court only if the judgment is contrary to law. A judgment is contrary to law if the evidence leads to but one conclusion and the trial court reached an opposite conclusion. In determining whether the trial court's judgment is contrary to law, we will consider the evidence in the light most favorable to the prevailing party, together with all reasonable inferences therefrom. We neither reweigh the evidence nor judge the credibility of witnesses. Further, "[w]hen appealing from a negative judgment, a party has a heavy burden to establish to the satisfaction of the reviewing court that there was no basis in fact for the judgment rendered."

*Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016) (internal citations omitted).

# II. Dismissal of Firearm Enhancement

The State argues the trial court improperly dismissed the firearm enhancement because it lacked the authority to do so. We review a trial court's decision to dismiss a charging information for abuse of discretion. *State v. Davis*, 898 N.E.2d 281, 285 (Ind. 2008). And we will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003).

"Ordinarily, a trial court may not sua sponte dismiss an action unless the court lacks jurisdiction or is otherwise authorized by statute or the rules of

procedure." *Zavodnik v. Richards*, 984 N.E.2d 699, 703 (Ind. Ct. App. 2013) (internal quotation omitted). Pursuant to the Indiana Code, *upon motion* by the defendant or State, a trial court has the authority to dismiss an indictment or information based on any of the enumerated statutory grounds. Ind. Code §§ 35-34-1-4, 35-34-1-13. In addition, our supreme court has recognized a trial court's "inherent authority to dismiss criminal charges where the prosecution of such charges would violate a defendant's constitutional rights." *Davis*, 898 N.E.2d at 285.

[16] With respect to a firearm enhancement, "[t]he state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense." Ind. Code § 35-50-2-11(d). An "offense" is defined as (1) a felony under Indiana Code article 35-42 that resulted in death or serious bodily injury; (2) kidnapping; or (3) criminal confinement as a Level 2 or Level 3 felony. Ind. Code § 35-50-2-11(b). If a person is convicted of an offense in subsection (b) of the statute "in a jury trial, the jury shall reconvene to hear evidence in the enhancement hearing." Ind. Code § 35-50-2-11(f). And if the State proves the firearm enhancement, the trial court may impose an additional fixed term of imprisonment of between five and twenty years. Ind. Code § 35-50-2-11(g). There is no dispute that the State properly filed the enhancement or that Vande Brake's conviction is a qualifying offense.

[17] Here, the State contends that once Vande Brake was convicted of the predicate offense, namely aggravated battery, and the State reminded the trial court that the prerequisite for the enhancement phase was met, the trial court was then *required* to reconvene the jury. The State further asserts that the trial court's "request for the jury to wait outside for him to confer with counsel was consistent with the court still contemplating the possibility of a second phase." Brief of Appellant at 10 n.1.

[18] Vande Brake argues that "[w]hile the State would have been entitled to a bifurcated trial and a second phase following the jury's verdict, it waived that procedure by failing to follow court rules in the preparation and conduct of the trial." Brief of Appellee at 8. In support of this proposition, Vande Brake relies on the trial court's Initial Hearing Order issued by the magistrate which, in part, stated that "[a]ll proposed final instructions shall be submitted prior to the commencement of trial but need not be exchanged with opposing counsel until the conclusion of the evidence in this case." Appellant's App., Vol. 2 at 27. Vande Brake notes that under Indiana's Pattern Jury Instructions, "[a] proper second stage of a bifurcated trial would require that such instructions be given." Br. of Appellee at 10. The State counters that they are not required by rule or statute to submit jury instructions and instead, jury instructions are left to the discretion of the trial court.

[19] We agree that neither the trial court order nor the trial rules required that the State offer instructions on the enhancement phase. *See Denton v. State*, 496 N.E.2d 576, 581 (Ind. 1986); Ind. Trial Rule 51(C) ("At the close of the

evidence and before argument each party *may* file written requests that the court instruct the jury on the law as set forth in the requests." (emphasis added)); T.R. 51(D). Here, the State properly filed a motion to add the firearm enhancement count; the trial court granted the motion and therefore, was clearly aware of the enhancement charge; neither the State nor Vande Brake moved to dismiss the enhancement; the enhancement was pending throughout this case; and the trial court lacked a legitimate basis for dismissing the enhancement *sua sponte*. We therefore conclude the trial court abused its discretion when it dismissed a legitimate and pending charge.

[20] We pause briefly to comment on the State's shortcomings in this matter at the trial court level. The heart of this dispute is rooted in the State's tenuous performance with respect to the enhancement. Except for the initial filing and the trial court's grant of the firearm enhancement, there is no evidence in the record that the State raised the firearm enhancement or bifurcation in any manner – it was not discussed prior to or during trial, was not included in any proposed preliminary or final instructions, and was not included in the trial court's preliminary or final instructions. Furthermore, the State failed to object to the trial court's dismissal of the firearm enhancement on the spot and while, presumably, the jury was still in the courthouse, waiting instead to file a motion to correct error nearly one week later. And despite filing the enhancement count, the State was careless in failing to observe that the count had not been added to either CCS. We emphasize that parties bear a responsibility to manage their cases and assist the court; a party may not sit idly by and

subsequently place the blame elsewhere for their own shortcomings. Although the State may not have been required to submit jury instructions on the issue, the State, having the burden of proof in both phases, had an obligation to raise the issue in a timely manner. But for the enhancement statute's requirement that the jury reconvene to hear the enhancement phase, this issue would have been waived under these circumstances. We therefore take this opportunity to remind the State to be mindful of this responsibility in the future.

[21] Nonetheless, our jurisprudence permits the trial court to impanel a new jury on the enhancement phase as an appropriate remedy. *See Carter v. State*, 505 N.E.2d 798, 801 (Ind. 1987) (no error when the a trial court decided to impanel a new jury for the habitual offender phase because the trial judge's calendar did not allow a trial on the habitual offender phase for several weeks); *Wade v. State*, 718 N.E.2d 1162, 1169 (Ind. Ct. App. 1999) (holding that, when necessary, a trial court is authorized to impanel a new jury to hear a habitual charge), *trans. denied*. And as such, we reverse the trial court's dismissal of the enhancement and remand with instructions that the trial court impanel a new jury to try Vande Brake on the enhancement.

# Conclusion

[22] We conclude that the trial court abused its discretion in dismissing the firearm enhancement. Accordingly, we reverse the dismissal of the firearm enhancement and remand to the trial court with instructions to impanel a new jury to hear the enhancement charge.

Reversed and remanded.

Riley, J., and May, J., concur.